UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARCIA GALLE,

    Plaintiff,

v.

Case No.

NATIONSTAR MORTGAGE, LLC,

2:16-CV-407-FtM-38CM

    Defendant.

_____/

### VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, MARCIA GALLE (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and hereby sues the Defendant, NATIONSTAR MORTGAGE, LLC (hereinafter referred to as "Defendant"), for damages and alleges in support thereof:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendant state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*, in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4. Plaintiff, Marcia Galle, is a natural person who resides in Collier County, Florida, and is a

-1-

"consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

5. Defendant, Nationstar Mortgage, LLC, is a foreign limited liability company operating from a principal address of 8950 Cypress Waters Boulevard, Coppell, TX 75019 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7). Upon information and belief, Defendant has significant and substantial contacts with the State of Florida.

## FACTS

6. On July 14, 2008, Plaintiff sought protection from her creditors by filing a voluntary Chapter 7 bankruptcy petition with the United States Bankruptcy Court for the Middle District of Florida, Fort Myers Division. *See* **Exhibit "A"** attached hereto.

7. In the schedules filed with the petition in this case, a debt was listed as being owed to Countrywide Home Loans Servicing LP ("Countrywide") in the amount of $185,219.20 on a first mortgage on property located at 8294 Key Royal Circle #1621, Naples, FL 34119. *See* **Exhibit "B"** attached hereto.

8. Plaintiff's Statement of Intentions, filed with the bankruptcy petition and schedules, clearly indicate her intent to surrender the property encumbered by the mortgage held by Countrywide. *See* **Exhibit "C"** attached hereto.

9. Countrywide was duly listed on the mailing matrix filed with Plaintiffs' bankruptcy petition. *See* **Exhibit "D"** attached hereto.

10. On July 18, 2008, the Clerk caused a written notice of the filing, of the automatic stay, and of the 341 meeting of creditors to be mailed to all parties on the master mailing matrix by first class mail, as evidenced by the certificate of notice. *See* **Exhibit "E"** attached hereto.

11. The 341(a) meeting of creditors was held in Fort Myers, Florida on August 27, 2008. Countrywide did not attend the meeting.

12. Plaintiff received an order discharging her debts in the Chapter 7 bankruptcy case on December 19, 2008. The certificate of notice clearly shows that the order of discharge was mailed to Countrywide at two different physical addresses. *See* **Exhibit "F"** attached hereto.

13. At no time during Plaintiff's bankruptcy case did Defendant challenge the dischargeability of the debt in question.

14. On or about May 1, 2013, Countrywide transferred servicing of Plaintiff's discharged mortgage loan to Defendant, who sent Plaintiff a letter dated May 10, 2013, notifying her of such transfer. *See* **Exhibit "G"** attached hereto. Accordingly, Defendant stood in the shoes of Countrywide with respect to matters related to collection of the subject debt from Plaintiff.

15. Thereafter, Defendant sent Plaintiff a "Mortgage Loan Statement" dated May 21, 2013, which stated the amount due to Defendant on the mortgage loan was $72,285.75. The Mortgage Loan Statement included a tear-off payment coupon which stated the total amount due on June 1, 2013, was $72,285.75, and further stated that the total due would be $72,328.05 if payment was received on or after June 17, 2013. *See* **Exhibit "H"** attached hereto.

16. On July 11, 2013, as a result of the above-referenced correspondence, Plaintiff filed an adversary proceeding against Defendant for violations of the discharge injunction provided by the United States Bankruptcy Code, 11 U.SC. § 524 titled *Marcia Galle v.*

*Nationstar Mortgage, LLC*, United States Bankruptcy Court for the Middle District of Florida, case number 9:13-ap-00607-FMD. *See* **Exhibit "I"** attached hereto.

17. The parties resolved the issues raised in the adversary proceeding amicably, and entered into a settlement agreement[1] on or about December 20, 2013. As a material term to settlement, Defendant agreed to cease and desist any further collection activity with respect to the debt in question.

18. Pursuant to the settlement agreement, the parties filed a stipulation to dismiss the adversary proceeding with prejudice on March 26, 2014.

19. Despite the bankruptcy discharge, the adversary proceeding, and the terms of the settlement agreement, Defendant subsequently sent Plaintiff "Informational Statements" demanding payment on the discharged debt *for over a year*. These statements were all sent *after complete execution of the settlement agreement and dismissal of the adversary proceeding*. *See* **Composite Exhibit "J"** attached hereto.

20. The Informational Statements sent by Defendant contains the following language: "This statement is sent for information purposes only and is not intended as an attempt to collect, assess, or recover a discharged debt from you, or as a demand for payment from any individual protected by the United States Bankruptcy Code. If this account is active or has been discharged in a bankruptcy proceeding, be advised this communication is for information purposes only and is not an attempt to collect a debt. Please note, however Nationstar reserves the right to exercise its legal rights, including but not limited to foreclosure of its lien interest, only against the property securing the original obligation." *See* Composite Exhibit "J".

---

[1] As the settlement agreement in question is subject to confidentiality, Plaintiff will submit a copy of the settlement agreement for the Court's review upon entry of an order compelling same.

21. The Informational Statements also include an amount due, a payment due date, and most notably, a tear-off coupon which Defendant instructed Plaintiff to detach and include with her payment. *See* Composite Exhibit "J".

22. On December 24, 2014, Defendant also sent Plaintiff a delinquency letter indicating that Plaintiff was 2,517 days past due on her payments to Defendant, and had a total of $87,789.25 due at the time of the letter. *See* **Exhibit "K"** attached hereto.

23. On April 9, 2015, the undersigned counsel sent Defendant a cease and desist letter regarding the Informational Statements. The letter was sent directly to Defendant at two different physical addresses, and was also sent to Defendant care of its attorney in the adversary proceeding. *See* **Composite Exhibit "L"**.

24. Defendant responded to Plaintiff's cease and desist letter via correspondence dated April 29, 2015, in which Defendant indicated that it corrected the error causing the Informational Statements to be sent, and that Defendant had placed a cease and desist stop code on Plaintiff's account. *See* **Exhibit "M"**.

25. Despite the bankruptcy discharge, the adversary proceeding, the terms of the settlement agreement, Plaintiff's cease and desist letter to Defendant, and Defendant's alleged placement of a cease and desist stop code on Plaintiff's account, *Defendant thereafter continued to send the Informational Statements*. *See* **Composite Exhibit "N"** attached hereto.

26. Given the fact that (1) the debt in question is in connection with a mortgage loan on property that was surrendered by the Plaintiff in bankruptcy; (2) the Plaintiff no longer resides at the subject property and no longer has any interest in the subject property; (3) there is a detachable payment coupon included with each Informational Statement

indicating a "total amount due" of upwards of $89,000.00; and (4) the Plaintiff already filed suit against Defendant for the exact same conduct, *there can be no other reason for Defendant to send such billing statements other than for the purpose of collecting a debt that is no longer owed.*

27. The Informational Statements sent to Plaintiff as alleged herein were sent despite (1) Defendant's receipt of the relevant bankruptcy notices in Plaintiff's bankruptcy case, including the order of discharge; (2) Defendant's receipt of the prior adversary proceeding and its active litigation of same; and (3) Defendant's receipt of the undersigned's cease and desist letter, which specifically warned Defendant that its continued violations of state and federal consumer protection laws would result in further legal action being taken against Defendant. Accordingly, Defendant's actions as alleged herein were clearly taken with such blatant disregard for both state and federal consumer protection laws and the Plaintiff's rights thereunder that punitive damages must be assessed against the Defendant.

28. The actions of the Defendant as alleged herein constitute willful, intentional, gross and flagrant violations of the FDCPA and the FCCPA.

29. The Plaintiff has been severely agitated, annoyed, traumatized, emotionally damaged and has otherwise been unduly inconvenienced by the actions of the Defendant.

## COUNT I
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Fla. Stat. § 559.72(9)

30. Plaintiff incorporates by reference 1 – 29 of the paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of Defendant constitute violations of the FCCPA.

32. Defendant authorized and facilitated against the Plaintiff an attempt to collect a debt from

the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer legally owed.

33. Under the provisions of Florida Statute § 559.72(9), Defendant was and is prohibited from claiming or attempting to enforce a debt or existence of some other legal right when Defendant knows it does not exist.

34. Defendant violated § 559.72(9) by sending the Informational Statements to Plaintiff in an attempt to enforce debt that had been discharged in Plaintiff's bankruptcy and was thus no longer legally owed to Defendant.

35. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

36. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Florida Statute § 559.77 from Defendant.

37. Additionally, § 559.77 provides that a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity. Plaintiff asserts that punitive damages are appropriate in this case, and hereby reserves the right to amend her Complaint to include an allegation for punitive damages.

### COUNT II
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2)(A)

38. Plaintiff incorporates by reference 1 – 29 of the paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendant constitute a violation of the Fair Debt Collection Practices Act.

40. Defendant authorized and facilitated against the Plaintiff an attempt to collect a debt from the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer owed.

41. Defendant violated 15 U.S.C. § 1692e(2)(A), which provides that a debt collector may not make a false representation of "the character, amount, or legal status of any debt," by sending the Informational Statements, which falsely alleged that this debt was owed despite the fact that such debt had been discharged in Plaintiff's bankruptcy.

42. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

43. Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(2)(A). Accordingly, the Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

### COUNT III
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(10)

44. Plaintiff incorporates by reference 1 – 29 of the paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendant constitute a violation of the Fair Debt Collection Practices Act.

46. Defendant authorized and facilitated against the Plaintiff an attempt to collect a debt from the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer owed.

47. Defendant violated 15 U.S.C. § 1692e(10), which provides that a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt," by sending the Informational Statements, which demanded payment on a debt legally discharged in bankruptcy.

48. The statements sent by Defendant were deceptive in that they asserted a "total amount due" and included a detachable payment coupon, giving Plaintiff the impression that she must pay such debt.

49. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

50. Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(10). Accordingly, the Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

**COUNT IV**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692f**

51. Plaintiff incorporates by reference 1 – 29 of the paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions of Defendant constitute a violation of the Fair Debt Collection Practices Act.

53. Defendant authorized and facilitated against the Plaintiff an attempt to collect a debt from the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer owed.

54. Defendant violated 15 U.S.C. § 1692f, which provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," by sending the Information Statements, which were attempts to coerce payment on this alleged consumer debt, when Defendant knew that such debt had been discharged in Plaintiff's bankruptcy.

55. The statements sent by Defendant were unfair and unconscionable in that they gave Plaintiff the impression that such debt remained owed despite the bankruptcy discharge, and further asserted a "total amount due" and included detachable payment coupons, giving Plaintiff the impression that she must pay such debt.

56. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

57. Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692f. Accordingly, the Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## TRIAL BY JURY

58. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;

- for an award of actual damages for Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA and FCCPA violations in an amount to be determined at trial; and

- for such other and further relief as may be just and proper.

*Respectfully submitted,*

Dated: May 24, 2016

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL 33919
(239) 939-0900
(239) 939-0588 – Fax
www.DellutriLawGroup.com
*Attorneys for Plaintiff*

By: /s/ Joseph C. LoTempio
    Joseph C. LoTempio, Esq.
    Fla. Bar No. 0086097
    jlotempio@dellutrilawgroup.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF Florida )
) ss
COUNTY OF Collier )

Plaintiff, MARCIA GALLE, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil action.
2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this Complaint is not interposed for any improper purpose, such as to harass any party, cause unnecessary delay to any party, or create a needless increase in the cost of litigation to any party to this action.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
MARCIA GALLE

Subscribed and sworn to before me this 24th day of May, 2016 by MARCIA GALLE who:

☐ is personally known; or

☑ produced identification FL License.

MARYANNE NADER
MY COMMISSION # FF 238962
EXPIRES: July 22, 2019
Bonded Thru Notary Public Underwriters

_____
Notary Public

(SEAL)

-12-