## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

MARCIA GALLE,

          Plaintiff,

v.                                  Case No:  2:16-cv-407-FtM-38CM

NATIONSTAR MORTGAGE, LLC,

          Defendant.

_____

### ORDER

This matter comes before the Court upon review of Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. 24) and Defendant's Motion to Strike Jury Trial Demand (Doc. 32).   Defendant opposes Plaintiff's motion to strike (Doc. 24), and Plaintiff opposes Defendant's motion to strike (Doc. 32).   Docs. 29, 33. Defendant filed a reply brief in response to Plaintiff's response (Doc. 33), and Plaintiff filed a sur-reply.   Docs. 36, 42.   Plaintiff also filed a Notice of Filing Supplemental Authority in support of her opposition to Defendant's motion to strike.   Doc. 40. Defendant filed a response to Plaintiff's filing of supplemental authority.   Doc. 41.

### I.    Background

On May 24, 2016, Plaintiff filed a Verified Complaint and Demand for Jury Trial against Defendant.   Doc. 1.   On August 31, 2016, with leave of Court, Plaintiff filed a First Amended Complaint and Demand for Jury Trial ("Amended Complaint") that includes a claim for punitive damages.   Docs. 16, 17, 18.   The Amended Complaint alleges that Defendant violated the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. §§ 1692 – 1692p, and the Florida Consumer Collection Practices Act ("FCCPA"), sections 559.55 to 559.785 of the Florida Statutes.   Doc. 17 ¶ 2. Plaintiff is a resident of Collier County, and Defendant is a foreign limited liability company operating in Texas.   *Id.* ¶¶ 4-5.   Plaintiff alleges that Defendant is a debt collector under the definitions of the federal and state statutes.   *Id.* ¶ 5.

According to the Amended Complaint, Plaintiff filed a voluntary Chapter 7 bankruptcy petition with this District's bankruptcy court.   *Id.* ¶ 6.   Plaintiff states that in the schedules filed with her bankruptcy petition, she listed a debt in the amount of $185,219.20 on a first mortgage on real property located in Naples, Florida owed to Countrywide Home Loans Servicing LP ("Countrywide").   *Id.*   Plaintiff alleges that she clearly indicated her intention to surrender the mortgaged property, and Countrywide was included in the mailing matrix filed with Plaintiff's bankruptcy petition.   *Id.* ¶¶ 8-9.   Accordingly, Plaintiff states that the Clerk of Court issued a written notice of filing and of the creditors' meeting to all parties on the master mailing matrix.   *Id.* ¶ 10.   Plaintiff claims that Countrywide did not attend the creditors' meeting, and the bankruptcy case discharged Plaintiff's debts.   *Id.* ¶ 12.

Plaintiff alleges that on or about May 1, 2013, Countrywide transferred servicing of Plaintiff's discharged mortgage loan to Defendant, which subsequently sent a notice of transfer to Plaintiff.   *Id.* ¶ 14.   Defendant also allegedly sent a loan statement dated May 21, 2013, which stated that Plaintiff owed a mortgage loan in the amount of $72,285.75 to Defendant.   *Id.* ¶ 15.

Plaintiff claims that upon receiving the notice and the statement, Plaintiff filed a lawsuit against Defendant for violating the discharge injunction under the federal bankruptcy code. *Id.* ¶ 16. Plaintiff argues that the parties amicably resolved the proceedings by entering into a settlement agreement. *Id.* ¶ 17. According to Plaintiff, as a material condition of the settlement agreement, Defendant agreed to cease and desist any further collection activity with the mortgage loan in dispute. *Id.* Despite the settlement agreement, Plaintiff asserts that Defendant sent statements demanding her payment on the discharged debt for over a year. *Id.* ¶ 19. Plaintiff argues that Defendant's actions constitute the violations of the FDCPA and the FCCPA. *Id.* ¶ 28.

On June 16, 2016, Defendant filed a motion to dismiss Plaintiff's complaint (Doc. 1), which United States District Judge Sheri Polster Chappell denied. Docs. 10, 14. On October 4, 2016, the Court entered a Case Management and Scheduling Order ("CMSO") setting the mediation deadline to April 27, 2017, the deadlines to disclose expert reports for Plaintiff to May 5, 2017 and for Defendant to May 19, 2017, the discovery deadline to June 9, 2017, the deadline for dispositive motions to July 14, 2017, and a trial term of November 6, 2017. Doc. 23 at 1-2.

## II.     Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. 24)

On September 15, 2016, Defendant filed an Answer and Affirmative Defenses to Plaintiff's First Amended Complaint ("Answer"). Doc. 22. The Answer alleges six affirmative defenses: failure to state a claim, compliance with law, preclusion and preemption, failure to mitigate damages, no intent, and reservation. *Id.* at 7.

Plaintiff seeks to strike five of Defendant's enumerated affirmative defenses. Doc. 24.   Plaintiff argues that Defendant's affirmative defenses do not satisfy Rule 8(a) of the Federal Rules of Civil Procedure.   *Id.* at 3.   Plaintiff asserts that many of Defendant's affirmative defenses do not provide proper notice of the defenses' nature because they are inadequate, vague, and conclusory.   *Id.* at 4.   Plaintiff also claims that Defendant does not allege sufficient facts to support its affirmative defenses.   *Id.*   Furthermore, Plaintiff argues that to the extent that the affirmative defenses concern the cause of action under the FDCPA, the FDCPA provides three available statutory defenses: bona fide error, statute of limitations, and conformity with an advisory opinion of the Federal Trade Commission.   *Id.* at 4-5.

"District courts have broad discretion in disposing of motions to strike under Fed. R. Civ. P. 12(f)."   *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (internal citations omitted).   A motion to strike, however, is a "drastic remedy, which is disfavored by the courts."   *Hansen v. ABC Liquors, Inc.*, No. 3:09-CV-966-J-34MCR, 2009 WL 3790447, at *1 (M.D. Fla. Nov. 9, 2009).   Pursuant Fed. R. Civ. P. 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."   An affirmative defense will be stricken only if it is insufficient as a matter of law.   *Microsoft Corp.*, 211 F.R.D. at 683.   An affirmative defense is insufficient as a matter of law "only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law."   *Id.*   The Eleventh Circuit has noted that the "[t]he party asserting an affirmative defense usually has the burden of proving

it." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988).   In evaluating a motion to strike affirmative defenses, "the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings." *Microsoft Corp.*, 211 F.R.D. at 683.

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999). Thus, an "an affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).   On the other hand, an affirmative defense "which points out a defect in the plaintiff's prima facie case is not an affirmative defense."   *In re Rawson Food Serv., Inc.*, 846 F.2d at 1349.

Affirmative defenses are subject to the general pleading requirements of Fed. R. Civ. P. 8(b)(1)(A), which requires a party to "state a short and plain terms its defenses to each claim asserted against it.   "As with any pleading, an affirmative defense must provide 'fair notice' of the nature of the defense and the grounds upon which it rests, and state a plausible defense." *Biller v. Cafe Luna of Naples, Inc.*, No. 2:14-CV-659-FTM, 2015 WL 1648888, at *1 (M.D. Fla. Apr. 13, 2015) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).   Nevertheless, "a defendant must do more than make conclusory allegations.   If the affirmative defense comprises of no more than bare bones

conclusory allegations, it must be stricken." *Microsoft Corp*, 211 F.R.D. at 683. With these guiding principles in mind, the Court turns to the five affirmative defenses that Plaintiff wishes to strike.

### a. First Affirmative Defense: Failure to State a Claim

Defendant's first affirmative defense is that Plaintiff fails to state a claim for which relief can be granted. Doc. 22 at 7. Plaintiff argues that she clearly has stated her claims, and failure to state a claim is not a proper affirmative defense. Doc. 24 at 7. Furthermore, Plaintiff asserts that Defendant moved to dismiss Plaintiff's Complaint, which Judge Chappell denied. Docs. 10, 14. Defendant responds that failure to state a claim is a proper affirmative defense, and Judge Chappell's denial of its motion to dismiss does not affect this affirmative defense. Doc. 29 at 3-5.

Although failure to state a claim upon which relief may be granted is a proper affirmative defense, Defendant merely states its allegation without any specifics and recites the legal standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Muschong v. Millennium Physician Grp. LLC*, No. 2:13-cv-705-FtM-38CM, 2014 WL 1268574, at *7 (M.D. Fla. Mar. 27, 2014) (striking the defendant's affirmative defense, "[s]ome or all Plaintiffs' allegations fail to state a claim for which relief can be granted," because it recited the standard for a motion to dismiss under Rule 12(b)(6) and did not provide any specifics); *Colon v. Wal-Mart Stores, Inc.*, No. 2:13-cv-464-FtM-29DNF, 2014 WL 1588463, at *3 (M.D. Fla. Apr. 14, 2014) ("Failure to state a claim upon which relief may be granted is a proper affirmative defense.").

Plaintiffs' motion to strike the first affirmative defense, therefore, is due to be granted, without prejudice, to amend in order to comply with Fed. R. Civ. P. 8(b)(1)(A).   *See Perales v. Schear Corp.*, No. 2:09-cv-669-FtM-29DNF, 2010 WL 1839295, at *1 (M.D. Fla. May 10, 2010).

### b. *Second Affirmative Defense: Compliance with Law*

As its second affirmative defense, Defendant alleges that it has complied with all applicable federal or state laws, statutes, and regulations and has not committed any violation to Plaintiff.   Doc. 22 at 7.   Plaintiff argues that this affirmative defense is not supported by facts and also does not provide fair notice to Plaintiff. Doc. 24 at 8.   Furthermore, Plaintiff asserts that this affirmative defense is a denial of Plaintiff's allegations.   *Id.*   Defendant argues that this affirmative defense provides fair notice to Plaintiff, but does not contest the argument that this is a denial of Plaintiff's allegations.   Doc. 29 at 5-6.

The Court finds that the second affirmative defense is not an affirmative defense but a denial.   *Muschong*, 2014 WL 1268574, at *7 (holding that the defendant's affirmative defense of acting in good faith and complying with applicable statutes and regulations is not an affirmative defense but a denial).   Because Defendant incorrectly labeled a negative averment as an affirmative defense, "the proper remedy is not to strike the claim but rather to treat it as a specific denial." *Id.*   As a result, the Court will not strike the second affirmative defense, but treat it as a denial.   *See id.*

### c. Third Affirmative Defense: Preclusion and Preemption

Defendant withdraws its third affirmative defense without prejudice.   Doc. 29 at 6.   Hence, this affirmative defense is withdrawn.

### d. Fourth Affirmative Defense: Failure to Mitigate Damages

Defendant alleges that Plaintiff failed to mitigate damages because she did not call Defendant's number to request that Defendant cease sending statements to Plaintiff.   Doc. 22 at 7.   Plaintiff argues that this affirmative defense ignores certain facts contained in the Amended Complaint.   Doc. 24 at 11.   Plaintiff also asserts that whether Plaintiff called Defendant's phone number to make a request is irrelevant to this case.   *Id.*   At this stage, the Court will assume the truth of the facts alleged in both the Amended Complaint and the Answer and not resolve factual disputes.   *Muschong*, 2014 WL 1268574, at *2.   Defendant's fourth affirmative defense survives Plaintiff's motion to strike.

### e. Fifth Affirmative Defense: No Intent

Defendant asserts that its "alleged violation of the FDCPA or FCCPA by the sending of the mortgage loan statement at issue, if indeed it occurred, was not intentional and the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."   Doc. 22 at 7.   Plaintiff argues that Defendant does not plead sufficient facts to support its defense and therefore, does not provide fair notice of the defense to Plaintiff.   Doc. 24 at 12. Plaintiff also asserts that this affirmative defense does not satisfy Rule 9(b) because it does not state circumstances showing a mistake with particularity.   *Id.*

Furthermore, Plaintiff claims that Defendant's intent is irrelevant to the FDCPA. *Id.* at 13.   Defendant responds that this defense is permitted under the FDCPA as well as being a proper affirmative defense.   Doc. 29 at 6.

As Defendant correctly notes, the FDCPA permits the defense of a bona fide error.   *Nobles v. Convergent Healthcare Recoveries, Inc.*, No. 8:15-cv-1745-T-30MAP, 2015 WL 5098877, at *2 (M.D. Fla. Aug. 31, 2015).   The court in *Nobles* also affirmed that the similar affirmative defense stating in part, "any violation of the FDCPA . . . would have resulted from a bona fide error notwithstanding the maintenance of policies and procedures that are in place to ensure that the proper creditor is named when information is furnished to any consumer credit reporting agency," provides fair notice of the defense and the defense's grounds.   *Id.*   In addition, the proper legal standard for stating an affirmative defense is under Rule 8(b)(1)(A), not Rule 9(b).   Fed. R. Civ. P. 8(b)(1)(A).   Rule 9 concerns pleading "special matters."   Fed. R. Civ. P. 9.   Plaintiff's fifth affirmative defense will not be stricken.

### III.   Defendant's Motion to Strike Jury Trial Demand (Doc. 32)

Defendant argues that when Plaintiff secured her loan with a mortgage on her home in Naples, Florida, the mortgage agreement contained a jury trial waiver. Doc. 32 at 1.   In support, Defendant provides a copy of the mortgage agreement, which contains a clause that Plaintiff "hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note."

Doc. 39-2 at 13.   Defendant asserts that the present lawsuit is subject to this waiver because the Amended Complaint does not fall outside the scope of the mortgage agreement.   Doc. 32 at 2.

Furthermore, Defendant argues that a jury trial waiver is common in loan agreements and is enforceable if agreed upon knowingly and voluntarily.   *Id.* at 3. Defendant claims that Plaintiff agreed to a jury waiver in the mortgage agreement and must show evidence if she did not knowingly or voluntarily enter into the mortgage agreement.   *Id.* at 4.   Regardless, Defendant asserts that Plaintiff knowingly and voluntarily waived a jury trial.   *Id.* at 4-6.

Plaintiff responds that Defendant's motion to strike is untimely under Rule 12(f).   Doc. 33 at 3.   Plaintiff argues that Defendant should have moved to strike before filing its Answer or within twenty-one days after Defendant was served with Plaintiff's complaints.   *Id.*   Furthermore, Plaintiff asserts that Defendant assumes the validity of the mortgage.   *Id.* at 4.   Plaintiff alleges that Plaintiff's obligations under the mortgage agreement did not survive the bankruptcy charge.   *Id.* at 4-6. Lastly, Plaintiff argues that her claim does not rise out of the mortgage agreement but out of Defendant's unlawful collection efforts.   *Id.* at 7-9.

In its reply brief, Defendant claims that its motion to strike jury demand is governed by Rule 39(a)(2), not Rule 12(f).   Doc. 36 ta 1-2.   Defendant also asserts that Plaintiff's bankruptcy action only discharged her personal liability and did not affect her non-monetary contractual obligations including a jury trial waiver.   *Id.* at

2-5.   Moreover, Defendant responds that Plaintiff's action relates to the mortgage agreement.   *Id.* at 6-7.

Plaintiff alleges in her sur-reply that Defendant's motion is untimely and moot because Defendant agreed to a jury trial when the parties filed a Case Management Report.   Docs. 21 at 2, 42 at 2-3.   Plaintiff relies on Senior United States District Judge John E. Steele's Opinion and Order in *Roth v. Nationstar Mortgage, LLC*, No. 2:15-cv-783-FtM-29MRM, 2016 WL 7473818, at *2 (M.D. Fla. Dec. 29, 2016) (denying the defendant's motion to strike jury trial demand because the defendant failed to object to the plaintiffs' jury demands in the original and amended complaints and consented to the jury trial option in the case management report).   Docs. 40-2, 42 at 3.   Furthermore, Plaintiff argues that Defendant is attempting to enforce the promissory note by seeking to collect the discharged debt from Plaintiff.   Doc. 42 at 5.   Plaintiff asserts that her bankruptcy case invalidated the promissory note.   *Id.* In addition to the above arguments, Plaintiff reiterates her argument that her action arises out of the FDCPA and the FCCPA, not out of contractual duties based on the mortgage agreement.   *Id.* at 6-7.

The Court finds that Judge Steele's Opinion and Order in *Roth* is instructive and controlling.   2016 WL 7473818, at *1-2.   *Roth* presents very similar facts and procedural history: the plaintiff named Defendant as a defendant, alleging Defendant's violations of the FDCPA, the FCCPA, and the parties' settlement agreement because Defendant attempted to collect on a mortgage debt discharged in bankruptcy.   *Id.*   Defendant moved to strike jury demand in that case, although

Defendant did not object to the plaintiff's demand for jury trial in the original and amend complaints. *Id.* Defendant's counsel also signed the case management report agreeing to a jury trial estimated to last two days. *Id.* As a result, Judge Steele entered a case management and scheduling order setting a jury trial in *Roth*, to which Defendant did not object. *Id.* Ten weeks after Judge Steele entered the case management and scheduling order, Defendant filed a motion to strike jury demand, alleging what it alleges here: "the plaintiff waived her right to a jury trial pursuant to jury-waiver provisions contained in her mortgage [agreement.]" *Id.*

Judge Steele denied Defendant's motion to strike because "by signing the parties' [c]ase [m]anagement [r]eport selecting the 'jury trial' option, [Defendant] consented to a jury trial and thus waived the right to subsequently invoke the waivers." *Id.* at 2. Judge Steele noted that "once a jury trial has been properly demanded, . . . a plaintiff is entitled to proceed before a jury on all claims for which there is a 'federal right to a jury trial.'" *Id.* Defendant, however, did not argue in *Roth* that the Seventh Amendment foreclosed the plaintiff's jury demand. *Id.* Nor did Judge Steele find that the Seventh Amendment foreclosed the plaintiff's jury demand in *Roth*. *Id.* As a result, Judge Steele denied Defendant's motion to strike. *Id.*

Similarly, Plaintiff here included a jury demand in both the original and the Amended Complaints. Docs. 1 at 11, 17 at 11. Defendant, however, did not object to any. Furthermore, the parties filed the Case Management Report on September 6, 2016, which indicated that they consented to a jury trial. Doc. 21 at 2.

Accordingly, on October 4, 2016, the Court entered a CMSO, setting a jury trial estimated to last two days to proceed before Judge Chappell.   Doc. 23.   Again, Defendant did not object to the CMSO.   On November 18, 2016, nearly six weeks after the Court entered the CMSO, Defendant filed the present motion, setting forth the same arguments that it alleged in *Roth*: Plaintiff is subject to a jury trial waiver contained in the mortgage agreement.   Doc. 32.   Defendant also has not alleged that Plaintiff's right to a jury trial is foreclosed by the Seventh Amendment.   Docs. 32, 36.   Given the nearly identical facts and arguments, as Judge Steele in *Roth* held, the Court finds that Defendant waived its right to invoke the jury trial waiver in the mortgage agreement, and Plaintiff is entitled to proceed before a jury on all claims. *Roth*, 2016 WL 7473818, at *1-2.

Defendant argues that it did not have an opportunity to respond to Plaintiff's argument of having waived Defendant's objection to a jury trial.   Doc. 41 at 1. Defendant further asserts that the Opinion and Order in *Roth* is not final because Defendant filed a motion for reconsideration and Judge Steele has not yet ruled on the motion.   *Id.* at 2.

Defendant negates its own argument that it lacked an opportunity to respond by filing a Response to Plaintiff's Notice of Filing Supplemental Authority.   Doc. 41. Plaintiff's filing of supplemental authority (Doc. 40) contains a copy of Judge Steele's Opinion and Order, and Defendant responded to Plaintiff's filing by presenting the above argument as well as a copy of its motion for reconsideration filed in *Roth*.   Doc. 41-1.   Furthermore, Defendant may file a motion for reconsideration of this Order

and to notify the Court if and when Judge Steele grants its motion to reconsideration in *Roth* and enters a contrary holding.

ACCORDINGLY, it is hereby

**ORDERED:**

1.     Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. 32) is **GRANTED in part and DENIED in part**.

2.     Plaintiff's Motion to Strike Defendant's first affirmative defense is **GRANTED, without prejudice, with leave to amend.**   Defendant shall have up to and including **March 13, 2017** to amend the first affirmative defense in compliance with this Order.

3.     Defendant's third affirmative defense is hereby **WITHDRAWN**. Defendant shall have up to and including **March 13, 2017** to amend the third affirmative defense.

4.     Defendant's Motion to Strike Jury Trial Demand (Doc. 32) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 6th day of March, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

- 14 -