UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARCIA GALLE,

          Plaintiff,

v.

                                                Case No.: 16-cv-00407-SPC-CM

NATIONSTAR MORTGAGE LLC,

          Defendant.
_____/

**PLAINTIFF'S MOTION TO COMPEL PUNITIVE DISCOVERY RESPONSES**

COMES NOW, the Plaintiff, MARCIA GALLE, by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 37, and hereby moves to compel responses to the punitive discovery requests served upon Defendant, NATIONSTAR MORTGAGE LLC (hereinafter "Defendant"), on October 18, 2016, and in support thereof states as follows:

**FACTUAL AND PROCEDURAL HISTORY**

On May 27, 2016, Plaintiff filed the instant action for Defendant's continued violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.* (Doc. No. 1). This lawsuit was filed after settlement of a prior legal action between the parties, which Plaintiff brought against Defendant for identical conduct. Defendant filed its Motion to Dismiss this action on June 16, 2016 (Doc No. 10). This Court issued its opinion and order denying Defendant's Motion to Dismiss on July 29, 2016 (Doc. No. 14). Plaintiff was granted leave to file her First Amended Complaint (Doc. No. 17), which added a claim for punitive damages, by order of this Honorable Court dated September 1, 2016 (Doc. No. 18). Subsequently, on March 31, 2017,

1

Plaintiff sought leave to file a Second Amended Complaint to include continued collection efforts, to wit, written communications sent by Defendant in an effort to collect the discharge debt *after this second lawsuit was filed* (Doc. No. 48). Leave to file a Second Amended Complaint was granted by this Court on April 17, 2017 (Doc. No. 49).

The basis of Plaintiff's claims in this case under both the FDCPA and the FCCPA is that Defendant, by virtue of its continued written correspondence, is attempting to collect mortgage debt from Plaintiff that was discharged in her 2008 Chapter 7 bankruptcy case, and is thus no longer legally owed. Plaintiff's First and Second Amended Complaints both alleged that punitive damages were appropriate based on the history between the parties, whereby Plaintiff has already taken legal action against Defendant for such collection efforts, making Defendant's continued efforts particularly egregious at this point. Plaintiff's Second Amended Complaint added the additional communications sent after the filing of this action, making Defendant's efforts even more bewildering.

On October 18, 2016, Plaintiff served upon Defendant her First Set of Punitive Damage Discovery (hereinafter the "discovery" or "discovery requests"). On November 17, 2016, Defendant filed an unopposed motion to extend time to respond to discovery (Doc. No. 30), which this Honorable Court granted on November 17, 2016 (Doc. No. 31). On December 16, 2016, Defendant requested a second extension of time to respond to the discovery requests, making the responses due on January 13, 2017. Plaintiff did not object to such request. On January 13, 2017, Defendant requested a third extension of time to respond to the discovery requests, making the responses due on January 20, 2017. Plaintiff did not object to such request.

Finally, on January 18, 2017, Defendant served its responses to the discovery. However, Defendant made numerous objections to each and every request, including that each request was "premature because Plaintiff has not made a reasonable showing by evidence in the record or proffered evidence which would provide a reasonable basis for recovery of punitive damages under § 768.72, Florida Statutes." Defendant *did not* object to any <u>punitive damage requests</u> on the basis that responsive documents were confidential. Despite the voluminous objections, Defendant nevertheless responded to nearly all of the discovery requests, save one, which Plaintiff discusses below. The relevant portion of Defendant's responses to Plaintiff's First Set of Punitive Damage Discovery is attached hereto as **Exhibit "A"**.

## LEGAL ARGUMENT

Plaintiff's discovery requests were specifically tailored for inquiring into issues relevant to punitive damages in this case. While Defendant reluctantly provided answers to nearly all of the discovery requests regarding Defendant's ability to pay a punitive damage award, Defendant failed to respond to one request regarding pattern and practice of violative behavior.

Plaintiff's eighth punitive document request asks Defendant to:

> Please identify by parties, case number, court, state, county, and division of any county, all lawsuits pending against the Defendant that Defendant contends pertains to the same alleged conduct as described in the Complaint, specifically, violations of consumer protection laws by Defendant, including but not limited to, violations of the federal Fair Debt Collection Practices Act, the Florida Consumer Collection Practices Act and any other analogous state statutes, 11 U.S.C. § 362 and 11 U.S.C. § 524.

Defendant objected to this request, claiming that it "is not a proper request for production as it does not seek the production of documents pursuant to Rule 33." To the extent that

this request seeks information and not documentation, Plaintiff respectfully suggests this request be treated as an interrogatory rather than a request for production, despite the fact that this request can be fulfilled by providing documentation as to each responsive case (i.e. copies of federal or state complaints, adversary complaints, judgments, etc.).

Defendant further "objects to this request because it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence." However, Defendant never elaborates on these generic assertions. As this Court has previously stated, it is the Defendant's burden to show when discovery is inappropriate, and the Defendant has made no showing of *how* this request is "is overbroad and not reasonably calculated to lead to the discovery of admissible evidence". *See* Doc. No. 54 (stating that a party resisting discovery must establish lack of relevancy or undue burden in providing the requested information); *see also Roesburg v. Johns-Mansville Corp.*, 85 F.R.D. 292, 297 (E.D. Pa. 1980) ("[d]efendant cannot evade its discovery responsibilities by 'simply inton[ing] this familiar litany' that the [discovery requests] are burdensome, oppressive or overly broad"); *Trabon Engineering Corp. v. Easton Manufacturing Co.*, 37 F.R.D. 51, 54 (N.D. Ohio 1964) ("[defendant] must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [discovery request] is not relevant or how each question is overly broad, burdensome or oppressive"). Indeed, this request is relevant to establishing pattern and practice of violative behavior by Defendant, which is useful in determining whether punitive damages are appropriate, and if so, in what amount.

Nationstar also objects to this request "to the extent this requests seeks information or documents protected by the attorney client privilege." However, as with

4

other discovery objections, "[t]he party invoking privilege bears the burden of proof." *Arthrex, Inc. v. Parcus Medical, LLC*, 2012 WL 5382050, *2 (M.D. Fla. 2012), *citing Tyne v. Time Warner Entm't Co., L.P.*, 212 F.R.D. 596, 599 (M.D. Fla. 2002). "This burden can be met only by an evidentiary showing based on competent evidence, and cannot be discharged by mere conclusory or *ipse dixit* assertions." *Arthrex, Inc., id., quoting CSX Transp., Inc. v. Admiral Ins. Co.*, 1995 WL 855421, *1 (M.D. Fla. July 20, 1995). Defendant, in conjunction with its discovery requests, has provided Plaintiff with no privilege log to support its objections. As Defendant has not provided the privilege log, it "has not met its burden in establishing that a privilege applies to" Plaintiff's eighth punitive document request. *See Arthrex, Inc., id.*

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant this motion, overrule all of Defendant's objections to the discovery requests discussed herein, direct Defendant to provide Plaintiff with full and complete responses to such requests within ten (10) days, and award any further relief that this Honorable Court deems just and proper.

### Local Rule 3.01(g) Certification

I HEREBY CERTIFY that pursuant to Local Rule 3.01(g), the undersigned did confer with counsel for Defendant regarding the issues raised in this motion via telephone on June 9, 2017, and was unable to reach a resolution without judicial intervention.

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon the persons named on the attached Service List electronically via the Court's CM/ECF system on June 9, 2017.

*/s/ Joseph C. LoTempio*
Joseph C. LoTempio, Esq.
FBN: 0086097
jlotempio@dellutrilawgroup.com
THE DELLUTRI LAW GROUP, P.A.
1436 Royal Palm Square Blvd.
Fort Myers, FL 33919
239-939-0900
239-939-0588 – Fax
www.DellutriLawGroup.com

## Service List

Marc J. Gottlieb
Akerman, LLP
350 East Las Olas Blvd., Ste. 1600
Ft. Lauderdale, FL  33301
marc.gottlieb@akerman.com
*Counsel for Nationstar Mortgage LLC*

Eric S. Dwoskin
Akerman, LLP
350 East Las Olas Blvd., Ste. 1600
Ft. Lauderdale, FL  33301
eric.dwoskin@akerman.com
*Counsel for Nationstar Mortgage LLC*

3070.02