# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

MARCIA GALLE,

        Plaintiff,

v.

                                   Case No.: 16-cv-00407-SPC-CM

NATIONSTAR MORTGAGE LLC,

        Defendant.

_____/

## PLAINTIFF'S MOTION TO COMPEL
## RESPONSES TO PLAINTIFF'S INTERROGATORIES

COMES NOW, the Plaintiff, MARCIA GALLE, by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 37, and hereby moves to compel responses to the interrogatories served upon Defendant, NATIONSTAR MORTGAGE LLC (hereinafter "Defendant"), on October 18, 2016, and in support thereof states as follows:

### FACTUAL AND PROCEDURAL HISTORY

On May 27, 2016, Plaintiff filed the instant action for Defendant's continued violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.* (Doc. No. 1).  This lawsuit was filed after settlement of a prior legal action between the parties, which Plaintiff brought against Defendant for identical conduct. Defendant filed its Motion to Dismiss this action on June 16, 2016 (Doc No. 10).  This Court issued its opinion and order denying Defendant's Motion to Dismiss on July 29, 2016 (Doc. No. 14).  Plaintiff was granted leave to file her First Amended Complaint (Doc. No. 17), which added a claim for punitive damages, by order of this Honorable

Court dated September 1, 2016 (Doc. No. 18).   Subsequently, on March 31, 2017, Plaintiff sought leave to file a Second Amended Complaint to include continued collection efforts, to wit, written communications sent by Defendant in an effort to collect the discharge debt *after this second lawsuit was filed* (Doc. No. 48).   Leave to file a Second Amended Complaint was granted by this Court on April 17, 2017 (Doc. No. 49).

The basis of Plaintiff's claims in this case under both the FDCPA and the FCCPA is that Defendant, by virtue of its continued written correspondence, is attempting to collect mortgage debt from Plaintiff that was discharged in her 2008 Chapter 7 bankruptcy case, and is thus no longer legally owed.   Plaintiff's First and Second Amended Complaints both alleged that punitive damages were appropriate based on the history between the parties, whereby Plaintiff has already taken legal action against Defendant for such collection efforts, making Defendant's continued efforts particularly egregious at this point.   Plaintiff's Second Amended Complaint added the additional communications sent after the filing of this action, making Defendant's efforts even more bewildering.

On October 18, 2016, Plaintiff served upon Defendant her First Set of Interrogatories, Requests for Production of Documents and Request for Admissions to Defendant Nationstar Mortgage, LLC (hereinafter the "discovery" or "discovery requests").   On November 17, 2016, Defendant filed an unopposed motion to extend time to respond to discovery (Doc. No. 30), which this Honorable Court granted on November 17, 2016 (Doc. No. 31).   On December 16, 2016, Defendant requested a second extension of time to respond to the discovery requests, making the responses due on January 13, 2017.   Plaintiff did not object to such request.   On January 13, 2017, Defendant requested

2

a third extension of time to respond to the discovery requests, making the responses due on January 20, 2017.  Plaintiff did not object to such request.

Finally, on January 18, 2017, Defendant served its responses to the discovery, attached hereto as **Exhibit "A"**.  However, Defendant made numerous objections to each and every request.  As a result of the voluminous objections, Defendant failed to adequately respond to many of the discovery requests.  This motion seeks to overrule Defendant's objections to Plaintiff's interrogatories[1] and compel responses thereto.

## LEGAL ARGUMENT

### I.    Defendant's Objections Should be Overruled

Defendant objects to nearly every one of Plaintiff's interrogatories on the basis that the interrogatory is "unduly burdensome, vague and overbroad in scope" and seeks "information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case."  However, Defendant never elaborates on these generic assertions.  As this Court has previously stated, it is the Defendant's burden to show when discovery is inappropriate, and the Defendant has made no showing of *how* any of the interrogatories are "unduly burdensome, vague and overbroad in scope" or "not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case".  *See* Doc. No. 54 (stating that a party resisting discovery must establish lack of relevancy or undue burden in providing the requested information); *see also Roesburg v. Johns-Mansville Corp.*, 85 F.R.D. 292, 297 (E.D. Pa. 1980) ("[d]efendant cannot evade its discovery responsibilities by 'simply inton[ing] this familiar litany' that the interrogatories are burdensome, oppressive or overly broad");

---

[1] Plaintiff seeks similar relief regarding Defendant's objections and responses to Plaintiff's request for production in a separate motion that will be filed contemporaneously herewith.  The instant motion addresses only Plaintiff's interrogatories and Defendant's objections and responses thereto.

*Trabon Engineering Corp. v. Easton Manufacturing Co.*, 37 F.R.D. 51, 54 (N.D. Ohio 1964) ("[defendant] must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive").

Further, in response to interrogatories 15 through 20, Defendant inexplicably objects on the basis that "Plaintiff has exceeded the maximum number of written interrogatories under FED. R. CIV. P. 33(a) and has not obtained stipulation or leave of Court to do so." Defendant does not state how it has come to this conclusion, leaving Plaintiff perplexed. However, regardless of Defendant's count, it has waived any objection to the number of interrogatories under Rule 33(a). "When a party believes that another party has asked too many interrogatories, the party to which the discovery has be[en] propounded should object to all interrogatories or file a motion for protective order. The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not answering others, the Defendants waived this objection." *Allahverdi v. Regents of University of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005).

**A. Interrogatory No. 1**

Plaintiff's interrogatory number 1 asks Defendant to:

> Please explain and describe each and every communication
> to or form you to Plaintiff, and identify each respective
> person involved in or receiving the communication.

Defendant objects to this topic as "unduly burdensome, vague and overbroad in scope by requesting 'each and every communication to or from you to Plaintiff' without limitation and seeking information not reasonably calculated to lead to the discovery of admissible

evidence, or proportional to the needs of this case." These generic, unsupported objections should be overruled, as discussed *supra*.

After the parties conferred regarding these objections via telephone on June 9, 2017, Defendant agreed to amend its response within ten (10) days to answer this interrogatory. Accordingly, Plaintiff respectfully requests that this Court overrule Defendant's objections to this interrogatory, and direct Defendant to respond within ten (10) days.

Defendant also objects on the basis that "Nationstar and Ms. Galle have settled all claims arising prior to December 20, 2013" and therefore the "[c]ommunications sent before then are not relevant to this action." However, as this Court has previously ruled, the relevant time period is between December 19, 2008 and October 18, 2016. *See* Doc. No. 54 ("the Court will designate the period between December 19, 2008 and October 18, 2016 as the relevant time period for discovery").

After the parties conferred regarding these objections via telephone on June 9, 2017, Defendant agreed to amend its response within ten (10) days to answer this interrogatory. Accordingly, Plaintiff respectfully requests that this Court overrule Defendant's objections to this interrogatory, and direct Defendant to respond within ten (10) days.

**B. Interrogatory No. 2**

Plaintiff's interrogatory number 2 asks Defendant to:

> Please explain and describe each and every communication to or from you to any person concerning Plaintiff, and identify each respective person involved in or receiving the communication.

Defendant objects to this topic as "unduly burdensome, vague and overbroad in scope by requesting 'each and every communication to or form you to Plaintiff' without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case." These generic, unsupported objections should be overruled, as discussed *supra*.

Defendant also objects on the basis that "this interrogatory is duplicative of interrogatory 1." However, Plaintiff's first interrogatory seeks information regarding Defendant's communications *with Plaintiff*, while this interrogatory seeks information regarding any of Defendant's communications *concerning Plaintiff*, which are not necessarily the same communications. Accordingly, this interrogatory seeks different information and is not duplicative.

Finally, Defendant objects on the basis that the request seeks "information protected by the attorney-client and work-product privileges". However, as with other discovery objections, "[t]he party invoking privilege bears the burden of proof." *Arthrex, Inc. v. Parcus Medical, LLC*, 2012 WL 5382050, *2 (M.D. Fla. 2012), *citing Tyne v. Time Warner Entm't Co., L.P.*, 212 F.R.D. 596, 599 (M.D. Fla. 2002). "This burden can be met only by an evidentiary showing based on competent evidence, and cannot be discharged by mere conclusory or *ipse dixit* assertions." *Arthrex, Inc., id., quoting CSX Transp., Inc. v. Admiral Ins. Co.*, 1995 WL 855421, *1 (M.D. Fla. July 20, 1995). Defendant, in conjunction with its discovery requests, has provided Plaintiff with no privilege log to support its objections. As Defendant has not provided the privilege log, it "has not met its burden in establishing that a privilege applies to" Plaintiff's second interrogatory. *See Arthrex, Inc., id.*

## C. Interrogatory No. 3

Plaintiff's interrogatory number 3 asks Defendant to:

> Please fully describe and explain any and all procedures, policies, rules and/or guidelines used by you in complying with the FDCPA and FCCPA.

Defendant objects to this topic as "unduly burdensome, vague and overbroad in scope by requesting 'any and all procedures, policies, rules and/or guidelines used by you in

complying with the FDCPA and FCCPA' without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case." These generic, unsupported objections should be overruled, as discussed *supra*.

Defendant also objects on the basis that the request as "seeking propriety and confidential information." However, as with other discovery objections, "[t]he party invoking privilege bears the burden of proof." *Arthrex, Inc. v. Parcus Medical, LLC*, 2012 WL 5382050, *2 (M.D. Fla. 2012), *citing Tyne v. Time Warner Entm't Co., L.P.*, 212 F.R.D. 596, 599 (M.D. Fla. 2002). Further, "there is no absolute privilege for trade secrets or similar confidential information." *Sams v. GA West Gate, LLC*, 316 F.R.D. 693, 698 (N.D. Ga. 2016), *quoting Speed Trac Technologies, Inc. v. Estes Express Lines, Inc.*, 2008 WL 2309011, *4 (D. Kan. 2008). "The party resisting discovery must first establish that the information sought is a trade secret [or otherwise confidential] and then demonstrate its disclosure might be harmful." *Id.*; *see also Fadalla v. Life Automotive Products, Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007). As in *Sams*, Defendant herein "has failed to make the initial showing that the materials sought by [the interrogatory] are actually proprietary and confidential and has failed to demonstrate how it will be harmed by disclosure."

After the parties conferred regarding these objections via telephone on June 9, 2017, Defendant agreed to amend its response within ten (10) days to answer this interrogatory. Accordingly, Plaintiff respectfully requests that this Court overrule Defendant's objections to this interrogatory, and direct Defendant to respond within ten (10) days.

### D.  Interrogatory No. 5

Plaintiff's interrogatory number 5 asks Defendant to:

> Please identify the names, addresses, and telephone numbers of all persons who have personal knowledge of any of the facts, events, or matters that are alleged in the Plaintiff's Complaint, your answer and/or defenses thereto, and describe and explain your understanding of the matters on which the persons named have knowledge.

Defendant objects to this topic as "unduly burdensome, vague and overbroad in scope by requesting 'the names, addresses, and telephone numbers of all persons who have personal knowledge of any of the facts, events, or matters that are alleged in the Plaintiff's Complaint, your answer and/or defenses thereto' without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case."  These generic, unsupported objections should be overruled, as discussed *supra*.

Further, this Court has already ruled that Plaintiff is entitled to "discovery of the names and the addresses of individuals who are likely to have relevant, discoverable information."  *See* Doc. No 54.  While Defendant answers this interrogatory by referring Plaintiff to its initial disclosures, the initial disclosures are not necessarily indicative of information in Defendant's possession as of the date of its response; this case has been pending for over a year, and has no doubt obtained additional information since its initial disclosures.  If Defendant's response to this interrogatory mirrors the information in its initial disclosures, so be it.  However, the fact that Defendant proposed numerous objections, and does not clarify this point, leaves Plaintiff in the dark regarding this interrogatory.

### E.  Interrogatory No. 7

Plaintiff's interrogatory number 7 asks Defendant to:

> Describe in detail all training provided to your employees
> and/or representatives that are responsible for compliance
> with the FDCPA and the FCCPA, state the dates on which
> each such person attended, and identify the materials
> provided to each such person.

Defendant objects to this topic as "unduly burdensome, vague and overbroad in scope by requesting 'all training provided to your employees and/or representatives that are responsible for compliance with the FDCPA and the FCCPA, state the dates on which each such person attended, and identify the materials provided to each such person' without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case."  These generic, unsupported objections should be overruled, as discussed *supra*.

Defendant also objects on the basis that the request as "seeking propriety and confidential information."  However, as with other discovery objections, "[t]he party invoking privilege bears the burden of proof."  *Arthrex, Inc. v. Parcus Medical, LLC*, 2012 WL 5382050, *2 (M.D. Fla. 2012), *citing Tyne v. Time Warner Entm't Co., L.P.*, 212 F.R.D. 596, 599 (M.D. Fla. 2002).   Further, "there is no absolute privilege for trade secrets or similar confidential information."  *Sams v. GA West Gate, LLC*, 316 F.R.D. 693, 698 (N.D. Ga. 2016), *quoting Speed Trac Technologies, Inc. v. Estes Express Lines, Inc.*, 2008 WL 2309011, *4 (D. Kan. 2008).  "The party resisting discovery must first establish that the information sought is a trade secret [or otherwise confidential] and then demonstrate its disclosure might be harmful."  *Id.*; *see also Fadalla v. Life Automotive Products, Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007).  As in *Sams*, Defendant herein "has failed to make the initial showing that the materials sought by [the interrogatory] are

actually proprietary and confidential and has failed to demonstrate how it will be harmed by disclosure."   Accordingly, Defendant must be made to fully respond to this interrogatory.

### F.  Interrogatory No. 8

Plaintiff's interrogatory number 8 asks Defendant to:

> Describe in detail all training for compliance with the FDCPA and the FCCPA that is provided to your employees and/or representatives that are responsible for contacting consumer debtors or alleged consumer debtors, state the dates on which each such person attended, and identify the materials provided to each such person.

Defendant objects to this topic as "unduly burdensome, vague and overbroad in scope by requesting 'all training for compliance with the FDCPA and the FCCPA that is provided to your employees and/or representatives that are responsible for contacting consumer debtors or alleged consumer debtors, state the dates on which each such person attended, and identify the materials provided to each such person' without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case."   These generic, unsupported objections should be overruled, as discussed *supra*.

Defendant also objects on the basis that the request as "seeking propriety and confidential information."   However, as with other discovery objections, "[t]he party invoking privilege bears the burden of proof."   *Arthrex, Inc. v. Parcus Medical, LLC*, 2012 WL 5382050, *2 (M.D. Fla. 2012)*, citing Tyne v. Time Warner Entm't Co., L.P.*, 212 F.R.D. 596, 599 (M.D. Fla. 2002).   Further, "there is no absolute privilege for trade secrets or similar confidential information."   *Sams v. GA West Gate, LLC*, 316 F.R.D. 693, 698 (N.D. Ga. 2016), *quoting Speed Trac Technologies, Inc. v. Estes Express Lines,*

*Inc.*, 2008 WL 2309011, *4 (D. Kan. 2008).  "The party resisting discovery must first establish that the information sought is a trade secret [or otherwise confidential] and then demonstrate its disclosure might be harmful."  *Id.*; *see also Fadalla v. Life Automotive Products, Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007).  As in *Sams*, Defendant herein "has failed to make the initial showing that the materials sought by [the interrogatory] are actually proprietary and confidential and has failed to demonstrate how it will be harmed by disclosure."

After the parties conferred regarding these objections via telephone on June 9, 2017, Defendant agreed to amend its response within ten (10) days to answer this interrogatory.  Accordingly, Plaintiff respectfully requests that this Court overrule Defendant's objections to this interrogatory, and direct Defendant to respond within ten (10) days.

### G.  Interrogatory No. 9

Plaintiff's interrogatory number 9 asks Defendant to:

> Identify each and every one of your employees who communicated with Plaintiff or took any action with regard to the Plaintiff's alleged account, including their name(s), last known address(es), and last known telephone number(s).

Defendant objects to this topic as "unduly burdensome, vague and overbroad in scope by requesting 'each and every one of your employees who communicated with Plaintiff or took any action with regard to the Plaintiff's alleged account, including their name(s), last known address(es), and last known telephone number(s)' without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case."  These generic, unsupported objections should be overruled, as discussed *supra*.

Further, this Court has already ruled that Plaintiff is entitled to "discovery of the names and the addresses of individuals who are likely to have relevant, discoverable information." *See* Doc. No 54.

After the parties conferred regarding these objections via telephone on June 9, 2017, Defendant agreed to amend its response within ten (10) days to answer this interrogatory.  Accordingly, Plaintiff respectfully requests that this Court overrule Defendant's objections to this interrogatory, and direct Defendant to respond within ten (10) days.

## H.  Interrogatory No. 10

Plaintiff's interrogatory number 10 asks Defendant to:

> Please list all facts upon which Nationstar bases its first affirmative defense to this action, which claims that "Plaintiff has failed to state a claim for which relief can be granted."

Defendant objects to this topic as "vague and calling for a legal conclusion."  However, Plaintiff seeks no legal conclusion, only *facts* within Defendant's knowledge underlying the affirmative defense in question.  Defendant also objects on the grounds that "this interrogatory seeks Nationstar's legal reasoning and theories, which are protected by the work-product privilege."  Again, Plaintiff seeks no legal reasoning or theories, only *facts* within Defendant's knowledge underlying the affirmative defense in question.  Facts are not protected by the work-product doctrine.  *See Stern v. O'Quinn*, 253 F.R.D. 663, 687 (S.D. Fla. 2008) (stating that "underlying facts do not enjoy the protection of the work-product doctrine").  Accordingly, Defendant must be made to fully respond to this interrogatory.

## I.   Interrogatory No. 11

Plaintiff's interrogatory number 11 asks Defendant to:

> Please list all facts upon which Nationstar bases its second affirmative defense to this action, which claims that "Nationstar has complied with all applicable federal or state laws, statutes or regulations and has committed no violation thereof with respect to Plaintiff."   Include the specific federal or state laws, statutes and/or regulations with which Nationstar claims to have complied.

Defendant objects to this topic as "vague and calling for a legal conclusion."   However, Plaintiff seeks no legal conclusion, only *facts* within Defendant's knowledge underlying the affirmative defense in question.   Defendant also objects on the grounds that "this interrogatory seeks Nationstar's legal reasoning and theories, which are protected by the work-product privilege."   Again, Plaintiff seeks no legal reasoning or theories, only *facts* within Defendant's knowledge underlying the affirmative defense in question.   Facts are not protected by the work-product doctrine.   *See Stern v. O'Quinn*, 253 F.R.D. 663, 687 (S.D. Fla. 2008) (stating that "underlying facts do not enjoy the protection of the work-product doctrine").

After the parties conferred regarding these objections via telephone on June 9, 2017, Defendant agreed to amend its response within ten (10) days to answer this interrogatory.   Accordingly, Plaintiff respectfully requests that this Court overrule Defendant's objections to this interrogatory, and direct Defendant to respond within ten (10) days.

## J.   Interrogatory No. 13

Plaintiff's interrogatory number 13 asks Defendant to:

> Please list all facts upon which Nationstar bases its fourth affirmative defense to this action, which claims that

> "Plaintiff's claims are barred because, and to the extent that, she has failed to mitigate her damages."

Defendant objects to this topic as "vague and calling for a legal conclusion." However, Plaintiff seeks no legal conclusion, only *facts* within Defendant's knowledge underlying the affirmative defense in question. Defendant also objects on the grounds that "this interrogatory seeks Nationstar's legal reasoning and theories, which are protected by the work-product privilege." Again, Plaintiff seeks no legal reasoning or theories, only *facts* within Defendant's knowledge underlying the affirmative defense in question. Facts are not protected by the work-product doctrine. *See Stern v. O'Quinn*, 253 F.R.D. 663, 687 (S.D. Fla. 2008) (stating that "underlying facts do not enjoy the protection of the work-product doctrine"). Accordingly, Defendant must be made to fully respond to this interrogatory.

### K. Interrogatory No. 14

Plaintiff's interrogatory number 14 asks Defendant:

> Does Nationstar contend that Plaintiff's filing of the prior lawsuit was insufficient to put Nationstar on notice that Plaintiff did not want to receive any further statements? If so, explain with specificity how the prior lawsuit was insufficient to provide Nationstar with such notice.

Defendant objects to this topic as "unduly burdensome, vague and overbroad in scope insofar as it uses the terms 'notice' and 'sufficient' without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case." These generic, unsupported objections should be overruled, as discussed *supra*.

Further, Defendant's objections, to the extent that they are based on terminology, should be overruled. Plaintiff gives these terms their ordinary meaning, as defined by the

Merriam-Webster Dictionary.   "Notice" is defined as "warning or intimation of something[.]"   *See* https://www.merriam-webster.com/dictionary/notice.   "Sufficient" is defined as "enough to meet the needs of a stipulation or a proposed end[.]"   *See* https://www.merriam-webster.com/dictionary/sufficient.   Additionally, Sec. III.A., ¶ 2 of the Middle District of Florida Discovery Handbook indicates that "[w]ords used in discovery normally should carry their plain and ordinary meaning unless the particular case requires a special or technical definition, which should be specified plainly and concisely by the party required to respond to the term(s)."   There is no need for a special or technical definition of the words in this case; as such, Defendant's objection based on the definitions of such words is illegitimate.

Defendant also objects on the grounds that "this interrogatory seeks Nationstar's legal reasoning and theories, which are protected by the work-product privilege."   Again, Plaintiff seeks no legal reasoning or theories, only *facts* within Defendant's knowledge underlying the affirmative defense in question.   Facts are not protected by the work-product doctrine.   *See Stern v. O'Quinn*, 253 F.R.D. 663, 687 (S.D. Fla. 2008) (stating that "underlying facts do not enjoy the protection of the work-product doctrine").   Accordingly, Defendant must be made to fully respond to this interrogatory.

### L.  Interrogatory No. 15

Plaintiff's interrogatory number 15 asks Defendant:

> Does Nationstar contend that the only action plaintiff could have taken to mitigate her damages as alleged in its fourth affirmative defense would have been for Plaintiff to call Nationstar at the designated number and specifically request that Nationstar cease sending statements?  If not, state with specificity precisely what actions Nationstar asserts that Plaintiff should have taken to mitigate her damages in this case.

Defendant first objects on the basis that "Plaintiff has exceeded the maximum number of written interrogatories under FED. R. CIV. P. 33(a) and has not obtained stipulation or leave of Court to do so."   Defendant has waived this objection, as discussed *supra*. Accordingly, the objection must be overruled.

Defendant further objects to this topic as "vague and calling for a legal conclusion."   However, the interrogatory is neither.   Defendant's fourth affirmative defense specifically states that Plaintiff failed to mitigate her damages by calling a specific phone number provided by Defendant.   *See* Doc. No. 51, pg. 8.   Plaintiff specifically asks, in her interrogatory, whether Defendant is claiming that calling such phone number is the *only* way she could have mitigated her damages, or whether there are additional allegations related to a failure mitigation, and what those allegations might be.   This question is neither vague nor calls for a legal conclusion.   These generic, unsupported objections should be overruled, as discussed *supra*.

Defendant also objects on the grounds that "this interrogatory seeks Nationstar's legal reasoning and theories, which are protected by the work-product privilege."   Again, Plaintiff seeks no legal reasoning or theories, only *facts* within Defendant's knowledge underlying the affirmative defense in question.   Facts are not protected by the work-product doctrine.   *See Stern v. O'Quinn*, 253 F.R.D. 663, 687 (S.D. Fla. 2008) (stating that "underlying facts do not enjoy the protection of the work-product doctrine").   Accordingly, Defendant must be made to fully respond to this interrogatory.

### M. Interrogatory No. 16

Plaintiff's interrogatory number 16 asks Defendant to:

> Please list all facts upon which Nationstar bases its fifth affirmative defense to this action, which claims that "[a]ny alleged violation of the FDCPA or FCCPA by the sending

of the mortgage loan statement at issue, if indeed it occurred, was not intentional and the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."  Include with your response the specific alleged "bona fide error" as well as the specific "procedures reasonably adapted to avoid" such error.

Defendant first objects on the basis that "Plaintiff has exceeded the maximum number of written interrogatories under FED. R. CIV. P. 33(a) and has not obtained stipulation or leave of Court to do so."  Defendant has waived this objection, as discussed *supra*.  Accordingly, the objection must be overruled.

Defendant further objects to this topic as "calling for a legal conclusion." However, the interrogatory requests only facts and no legal conclusions.  Defendant's fifth affirmative defense specifically states that the FDCPA and FCCPA violations complaint of by Plaintiff occurred due to a "bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."  *See* Doc. No. 51, pg. 8.  Plaintiff specifically asks, in her interrogatory, what the actual error was, and what the procedures are that Defendant claims are maintained to avoid such error.  This question calls for no legal conclusion, only the factual basis of the defense.  This generic, unsupported objection should be overruled, as discussed *supra*.

Defendant also objects on the grounds that "this interrogatory seeks Nationstar's legal reasoning and theories, which are protected by the work-product privilege."  Again, Plaintiff seeks no legal reasoning or theories, only *facts* within Defendant's knowledge underlying the affirmative defense in question.  Facts are not protected by the work-product doctrine.  *See Stern v. O'Quinn*, 253 F.R.D. 663, 687 (S.D. Fla. 2008) (stating that "underlying facts do not enjoy the protection of the work-product doctrine").  Accordingly, Defendant must be made to fully respond to this interrogatory.

### N.  Interrogatory No. 17

Plaintiff's interrogatory number 17 asks Defendant to:

> Please explain and describe precisely what actions were taken by Nationstar, in the period of time between settlement of the prior lawsuit and the filing of the instant lawsuit, to ensure that no further statements or communications would be sent to Plaintiff.  Include the dates such actions were taken and the names of individuals employed by Nationstar who took such actions, and identify whether such individuals are still employed by Nationstar as of the date of these responses.

Defendant first objects on the basis that "Plaintiff has exceeded the maximum number of written interrogatories under FED. R. CIV. P. 33(a) and has not obtained stipulation or leave of Court to do so."  Defendant has waived this objection, as discussed *supra*.  Accordingly, the objection must be overruled.

Defendant then states that "[a]fter the parties have entered into a mutually acceptable confidentiality agreement, Nationstar will produce information regarding the coding of this account."  However, pursuant to this Court's order of May 31, 2017 (Doc. No. 54), the parties have entered into a "mutually acceptable confidentiality agreement", but to date Defendant has not produced "information regarding the coding of this account."  Accordingly, Defendant must be made to fully respond to this interrogatory.

### O.  Interrogatory No. 18

Plaintiff's interrogatory number 18 asks Defendant to:

> Please explain with specificity Nationstar's purpose for sending further communications to Plaintiff following resolution of the prior lawsuit.

Defendant first objects on the basis that "Plaintiff has exceeded the maximum number of written interrogatories under FED. R. CIV. P. 33(a) and has not obtained stipulation or

leave of Court to do so."  Defendant has waived this objection, as discussed *supra*. Accordingly, the objection must be overruled.

Defendant further objects to this topic as "unduly burdensome and overbroad, not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case."  These objections could not have possibly been asserted in good faith, as this interrogatory plainly and concisely seeks what is perhaps the most important information relevant to claims in this lawsuit, and is narrowly tailored to that end. Nevertheless, as Defendant utterly fails to support these generic objections, they should be overruled, as discussed *supra*.

Defendant then states that "Nationstar incorporates its response to interrogatory 17" in its response to this interrogatory; however, Nationstar's response to interrogatory 17 was itself incomplete, and references "information regarding the coding of [Plaintiff's] account" which has *nothing* to do with Defendant's purpose for sending the statements at issue in this case.

After the parties conferred regarding these objections via telephone on June 9, 2017, Defendant agreed to amend its response within ten (10) days to answer this interrogatory.   Accordingly, Plaintiff respectfully requests that this Court overrule Defendant's objections to this interrogatory, and direct Defendant to respond within ten (10) days.

## P.  Interrogatory No. 19

Plaintiff's interrogatory number 19 asks Defendant to:

> Please identify the specific reason that the statement sent to Plaintiff by Nationstar following resolution of the prior lawsuit was titled "Informational Statement."

Defendant first objects on the basis that "Plaintiff has exceeded the maximum number of written interrogatories under FED. R. CIV. P. 33(a) and has not obtained stipulation or leave of Court to do so." Defendant has waived this objection, as discussed *supra*. Accordingly, the objection must be overruled.

Defendant further objects to this topic as "calling for a legal conclusion." However, the interrogatory requests only facts and no legal conclusions. Defendant's interrogatory asks for no legal reasoning, only the factual reasoning as to why the statement is titled "Informational Statement." This generic, unsupported objection should be overruled, as discussed *supra*.

Defendant also objects on the grounds that "this interrogatory seeks Nationstar's legal reasoning and theories, which are protected by the work-product privilege." Again, Plaintiff seeks no legal reasoning or theories, only *facts* within Defendant's knowledge underlying its actions. Facts are not protected by the work-product doctrine. *See Stern v. O'Quinn*, 253 F.R.D. 663, 687 (S.D. Fla. 2008) (stating that "underlying facts do not enjoy the protection of the work-product doctrine"). Accordingly, Defendant must be made to fully respond to this interrogatory.

### Q. Interrogatory No. 20

Plaintiff's interrogatory number 20 asks Defendant to:

> Please identify with specificity what "informational purpose" Nationstar believed Plaintiff to have for receiving any additional mortgage statements after discharge of the mortgage debt in bankruptcy.

Defendant first objects on the basis that "Plaintiff has exceeded the maximum number of written interrogatories under FED. R. CIV. P. 33(a) and has not obtained stipulation or

leave of Court to do so."  Defendant has waived this objection, as discussed *supra*. Accordingly, the objection must be overruled.

Defendant further objects to this topic as "calling for a legal conclusion." However, the interrogatory requests only facts and no legal conclusions.  Defendant's interrogatory asks for no legal reasoning, only the factual reasoning as to why it believed Plaintiff was in need of the information conveyed by the "Informational Statements" at issue in this case.  This generic, unsupported objection should be overruled, as discussed *supra*.

Defendant also objects on the grounds that "this interrogatory seeks Nationstar's legal reasoning and theories, which are protected by the work-product privilege."  Again, Plaintiff seeks no legal reasoning or theories, only *facts* within Defendant's knowledge underlying its actions.  Facts are not protected by the work-product doctrine.  *See Stern v. O'Quinn*, 253 F.R.D. 663, 687 (S.D. Fla. 2008) (stating that "underlying facts do not enjoy the protection of the work-product doctrine").  Accordingly, Defendant must be made to fully respond to this interrogatory.

Defendant then objects to this topic as "unduly burdensome and overbroad, not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case."  These objections could not have possibly been asserted in good faith, as this interrogatory plainly and concisely seeks what important information relevant to claims in this lawsuit, and is narrowly tailored to that end.  Nevertheless, as Defendant utterly fails to support these generic objections, they should be overruled, as discussed *supra*.

Finally, Defendant states that "Nationstar incorporates its response to interrogatory 19" in its response to this interrogatory; however, Nationstar's response to interrogatory 19 consisted entirely of objections, and contained no responsive information whatsoever.  Accordingly, Defendant's response to this interrogatory is inadequate, and Defendant must be made to fully respond to this interrogatory.

## II.   This Court Should Sanction Defendant With an Award of Attorneys' Fees and Costs to Plaintiff

Federal Rule of Civil Procedure 37 specifically states that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to answer an interrogatory submitted under Rule 33" or if "a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34."  *See* Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv).  As of the date of this motion, Defendant has failed to answer the Interrogatories propounded by Plaintiff within the time frame granted by this Court.

The court "has wide latitude in imposing sanctions for failure to comply with discovery."  *Aziz v. Wright*, 34 F. 3d 587, 589 (8th Cir.1994).  Where the producing party's actions necessitate the motion to compel, or where the objections and failure to respond are not substantially justified, an award of sanctions is appropriate.  *Starcher v. Corr. Med. Sys., Inc.*, 144 F. 3d 418, 421–22 (6th Cir.1998).  Further, a party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that its position is substantially justified.  *Rickels v. City of South Bend*, 33 F. 3d 785, 787 (7th Cir.1994).

Pursuant to Federal Rule of Civil Procedure 37(d)(1)(A)(ii), Plaintiff submits that this Court should order sanctions against Defendant and Defendant's counsel for their

failure to respond to Plaintiff's discovery.  Further, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), Plaintiff submits that this Court should order Defendant and Defendant's counsel to pay the Plaintiff's reasonable expenses incurred in making the instant motion, including attorney's fees.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant this motion, overrule all of Defendant's objections to the interrogatories discussed herein, direct Defendant to provide Plaintiff with full and complete responses to such requests within ten (10) days, and award any further relief that this Honorable Court deems just and proper.

## Local Rule 3.01(g) Certification

I HEREBY CERTIFY that pursuant to Local Rule 3.01(g), the undersigned did confer with counsel for Defendant regarding the issues raised in this motion via telephone on June 9, 2017.  The undersigned was able to resolve certain issues with counsel for Defendant, as detailed *supra*.  The undersigned was unable to reach a resolution without judicial intervention as to the remaining issues discussed in this motion.

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon the persons named on the attached Service List electronically via the Court's CM/ECF system on June 9, 2017.

*/s/ Joseph C. LoTempio*

Joseph C. LoTempio, Esq.
FBN: 0086097
jlotempio@dellutrilawgroup.com
THE DELLUTRI LAW GROUP, P.A.
1436 Royal Palm Square Blvd.
Fort Myers, FL 33919
239-939-0900

239-939-0588 – Fax
www.DellutriLawGroup.com

**<u>Service List</u>**

Marc J. Gottlieb
Akerman, LLP
350 East Las Olas Blvd., Ste. 1600
Ft. Lauderdale, FL  33301
marc.gottlieb@akerman.com
*Counsel for Nationstar Mortgage LLC*

Eric S. Dwoskin
Akerman, LLP
350 East Las Olas Blvd., Ste. 1600
Ft. Lauderdale, FL  33301
eric.dwoskin@akerman.com
*Counsel for Nationstar Mortgage LLC*

3070.02