# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No.: 2:16-cv-00407

MARCIA GALLE,

     **Plaintiff,**

v.

NATIONSTAR MORTGAGE LLC,

     **Defendant.**

_____/

## NATIONSTAR MORTGAGE LLC'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR ADMISSIONS

Defendant Nationstar Mortgage LLC (**Nationstar**), pursuant to FED. R. CIV. P. 33, responds to plaintiff Marcia Galle's First Set of Discovery, including a set of interrogatories, requests for production and request for admissions. Nationstar reserves the right to supplement, amend, or correct all or any part of this response as permitted under the Federal Rules of Civil Procedure and the right to object to the admissibility of any evidence related to these responses.

### GENERAL OBJECTIONS

To the extent the requests seek to impose upon Nationstar any duties or requirements in excess of those specified in the Federal Rules of Civil Procedure, the Local Rules, or applicable law, Nationstar objects to same. Nationstar will update its responses as may be required by the Rules of Civil Procedure and this Court's Local Rules.

These general objections are expressly incorporated by reference into each of the specific responses of Nationstar to the requests.

### SPECIFIC RESPONSES AND OBJECTIONS TO FIRST SET OF INTERROGATORIES

1.    Please explain and describe each and every communication to or from you to Plaintiff, and identify each respective person involved in or receiving the communication.

**RESPONSE**: Nationstar objects to this interrogatory as unduly burdensome, vague and overbroad in scope by requesting "each and every communication to or from you to Plaintiff " without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Nationstar states that Nationstar and Ms. Galle have settled all claims arising prior to December 20, 2013. Communications sent before then are not relevant to this action. Subject to and without waiving these objections, Nationstar directs Plaintiff to the correspondence produced in response to Plaintiff's request for production.

2.  Please explain and describe each and every communication to or from you to any person

    concerning Plaintiff, and identify each respective person involved in or receiving the

    communication.

**RESPONSE**: Nationstar objects to this interrogatory as unduly burdensome, vague and overbroad in scope by requesting "each and every communication to or from you to any person concerning Plaintiff" without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Nationstar further objects to the request as seeking information protected by the attorney-client and work-product privileges. Nationstar further objects to the extent this interrogatory is duplicative of interrogatory 1. Nationstar states that Nationstar and Ms. Galle have settled all claims arising prior to December 20, 2013. Communications sent before then are not relevant to this action. Subject to and without waiving these objections, Nationstar directs Plaintiff to the correspondence produced in response to Plaintiff's request for production.

3.  Please fully describe and explain any and all procedures, policies, rules and/or guidelines

    used by you in complying with the FDCPA and FCCPA.

**RESPONSE**: Nationstar objects to this interrogatory as unduly burdensome, vague and overbroad in scope by requesting "any and all procedures, policies, rules and/or guidelines used by you in complying with the FDCPA and FCCPA" without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Nationstar further objects to this request as seeking propriety and confidential information. *The Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 143 (S.D.N.Y.) (noting that internal corporate documents and manuals are confidential information, the unprotected disclosure of which could furnish a "potential avenue for fraud by third parties."). Subject to and without waiving these objections, Nationstar directs Plaintiff to the policies and procedures that will be produced in response to Plaintiff's request for production, subject to a mutually acceptable confidentiality agreement, after the parties have entered into such a confidentiality agreement.

4.   Please list, explain and describe each and every contact, correspondence or other communication between you and the Plaintiff, or anyone on her behalf, prior to the institution of this action by the Plaintiff. With regard to each contact, correspondence or other communication please identify your employee, agent, officer or other person who has any information concerning same, explain and describe the involvement of your employee, agent, officer or other person, explain and describe the nature of the contact, correspondence or other communication the exact content of the contact, correspondence or other communication and any other information bearing upon the contact, correspondence or other communication.

**RESPONSE:** Nationstar objects to this interrogatory as unduly burdensome, vague and overbroad in scope by requesting "each and every contact, correspondence or other communication between you and the Plaintiff, or anyone on her behalf, prior to the institution of this action by the Plaintiff" without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Nationstar further objects to the extent this interrogatory is duplicative of interrogatories 1 and 2. Nationstar states that Nationstar and Ms. Galle have settled all claims arising prior to December 20, 2013. Communications sent before then are not relevant to this action. Subject to and without waiving these objections, Nationstar directs Plaintiff to the correspondence produced in response to Plaintiff's request for production.

5.   Please identify the names, addresses, and telephone numbers of all persons who have personal knowledge of any of the facts, events, or matters that are alleged in the Plaintiff's Complaint, your answer and/or defenses thereto, and describe and explain your understanding of the matters on which the persons named have knowledge.

**RESPONSE:** Nationstar objects to this interrogatory as unduly burdensome, vague and overbroad in scope by requesting "the names, addresses, and telephone numbers of all persons who have personal knowledge of any of the facts, events, or matters that are alleged in the Plaintiff's Complaint, your answer and/or defenses thereto" without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Nationstar directs Plaintiff to Nationstar's initial disclosures.

6.  Identify all communications and correspondence you have had or exchanged with any person regarding the Complaint and the subject matter of this lawsuit, either before or since the filing of the Complaint.

**RESPONSE:** Nationstar objects to this interrogatory as unduly burdensome, vague and overbroad in scope by requesting "all communications and correspondence you have had or exchanged with any person regarding the Complaint and the subject matter of this lawsuit, either before or since the filing of the Complaint" without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Nationstar further objects to the request as seeking information protected by the attorney-client and work-product privileges. Nationstar further objects to this request as seeking propriety and confidential information. Nationstar further objects to the extent this interrogatory is duplicative of interrogatories 1 and 2.

7.  Describe in detail all training provided to your employees and/or representatives that are responsible for compliance with the FDCPA and the FCCPA, state the dates on which each such person attended, and identify the materials provided to each such person.

**RESPONSE:** Nationstar objects to this interrogatory as unduly burdensome, vague and overbroad in scope by requesting "all training provided to your employees and/or representatives that are responsible for compliance with the FDCPA and the FCCPA, state the dates on which each such person attended, and identify the materials provided to each such person" without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Nationstar further objects to this request as seeking propriety and confidential information. *The Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 143 (S.D.N.Y.) (noting that internal corporate documents and manuals are confidential information, the unprotected disclosure of which could furnish a "potential avenue for fraud by third parties."). Subject to and without waiving these objections, Nationstar directs Plaintiff to the documents that will be produced in response to Plaintiff's request for production, subject to a mutually acceptable confidentiality agreement, after the parties have entered into such a confidentiality agreement.

8.  Describe in detail all training for compliance with the FDCPA and the FCCPA that is provided to your employees and/or representatives that are responsible for contacting consumer debtors or alleged consumer debtors, state the dates on which each such person attended, and identify the materials provided to each such person.

**RESPONSE:** Nationstar objects to this interrogatory as unduly burdensome, vague and overbroad in scope by requesting "all training for compliance with the FDCPA and the FCCPA that is provided to your employees and/or representatives that are responsible for contacting consumer debtors or alleged consumer debtors, state the dates on which each such person attended, and identify the materials provided to each such person" without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Nationstar further objects to this request as seeking propriety and confidential information. *The Bank of New York v. Meridien BIAO Bank Tanzania Ltd.,* 171 F.R.D. 135, 143 (S.D.N.Y.) (noting that internal corporate documents and manuals are confidential information, the unprotected disclosure of which could furnish a "potential avenue for fraud by third parties."). Subject to and without waiving these objections, Nationstar directs Plaintiff to the documents that will be produced in response to Plaintiff's request for production, subject to a mutually acceptable confidentiality agreement, after the parties have entered into such a confidentiality agreement.

9. Identify each and every one of your employees who communicated with Plaintiff or took

   any action with regard to the Plaintiff's alleged account, including their name(s), last

   known address(es), and last known telephone number(s).

   **RESPONSE:** Nationstar objects to this interrogatory as unduly burdensome, vague and overbroad in scope by requesting "each and every one of your employees who communicated with Plaintiff or took any action with regard to the Plaintiff's alleged account, including their name(s), last known address(es), and last known telephone number(s)" without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Subject to and without waiving these objections, Nationstar directs Plaintiff to the correspondence documents produced in response to Plaintiff's request for production.

10. Please list all facts upon which Nationstar bases its first affirmative defense to this action,

    which claims that "Plaintiff has failed to state a claim for which relief can be granted."

    **RESPONSE:** Nationstar objects to this interrogatory as vague and calling for a legal conclusion. Nationstar further objects that this interrogatory seeks Nationstar's legal reasoning and theories, which are protected by the work-product privilege.

11. Please list all facts upon which Nationstar bases its second affirmative defense to this

    action, which claims that "Nationstar has complied with all applicable federal or state

    laws, statutes or regulations and has committed no violation thereof with respect to

Plaintiff." Include the specific federal or state laws, statutes and/or regulations with which Nationstar claims to have complied.

**RESPONSE:** Nationstar objects to this interrogatory as vague and calling for a legal conclusion. Nationstar further objects that this interrogatory seeks Nationstar's legal reasoning and theories, which are protected by the work-product privilege.

12. Please list all facts upon which Nationstar bases its third affirmative defense to this action, which claims that "Plaintiff's claims are precluded or preempted" by the Truth in Lending Act and/or the United States Bankruptcy Code. Do not simply refer to Nationstar's pleadings in this action.

**RESPONSE:** Nationstar has withdrawn the third affirmative defense, making this request moot.

13. Please list all facts upon which Nationstar bases its fourth affirmative defense to this action, which claims that "Plaintiff's claims are barred because, and to the extent that, she has failed to mitigate her damages."

**RESPONSE:** Nationstar objects to this interrogatory as vague and calling for a legal conclusion. Nationstar further objects that this interrogatory seeks Nationstar's legal reasoning and theories, which are protected from disclosure by the work-product privilege. Nationstar. Notwithstanding these objections, among other things, the loan mortgage statements at issue explicitly provide a phone number to call to prevent the sending of monthly informational statements. Nationstar does not have a record that Plaintiff called this number and requested that Nationstar cease sending statements.

14. Does Nationstar contend that Plaintiff's filing of the prior lawsuit was insufficient to put Nationstar on notice that Plaintiff did not want to receive any further statements? If so, explain with specificity how the prior lawsuit was insufficient to provide Nationstar with such notice.

**RESPONSE:** Nationstar objects to this interrogatory as unduly burdensome, vague and overbroad in scope insofar as it uses the terms "notice" and "sufficient" without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Nationstar further objects that this interrogatory seeks Nationstar's legal reasoning and theories, which are protected by the work-product privilege. Notwithstanding these objections, Nationstar acknowledges that,

at all times material to this action, (i.e. following entry into the settlement agreement), Nationstar had been advised that Plaintiff did not wish to continue to receive information statements.

15. Does Nationstar contend that the only action Plaintiff could have taken to mitigate her damages as alleged in its fourth affirmative defense would have been for Plaintiff to call Nationstar at the designated number and specifically request that Nationstar cease sending statements? If not, state with specificity precisely what actions Nationstar asserts that Plaintiff should have taken to mitigate her damages in this case.

**RESPONSE:** Nationstar objects as Plaintiff has exceeded the maximum number of written interrogatories under FED. R. CIV. P. 33(a) and has not obtained stipulation or leave of Court to do so. Nationstar additionally objects to this interrogatory as vague and calling for a legal conclusion. Nationstar further objects that this interrogatory seeks Nationstar's legal reasoning and theories, which are protected by the work-product privilege.

16. Please list all facts upon which Nationstar bases its fifth affirmative defenses to this action, which claims that "[a]ny alleged violation of the FDCPA or FCCPA by the sending of the mortgage loan statement at issue, if indeed it occurred, was not intentional and the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Include with your response the specific alleged "bona fide error" as well as the specific "procedures reasonably adapted to avoid" such error.

**RESPONSE:** Nationstar objects as Plaintiff has exceeded the maximum number of written interrogatories under FED. R. CIV. P. 33(a) and has not obtained stipulation or leave of Court to do so. Nationstar additionally objects the interrogatory calls for a legal conclusion. Nationstar further objects that this interrogatory seeks Nationstar's legal reasoning and theories, which are protected by the work-product privilege. Notwithstanding these objections, any alleged violation of the FDCPA or FCCPA by the sending of the mortgage loan statements at issue was not intentional and the result of a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Specifically, Nationstar has policies and procedures in place to code accounts to prevent communications with borrowers that have requested or with whom Nationstar has agreed to cease communications, or that would otherwise violate the

FDCPA or FCCPA. Despite Plaintiff's account being coded to suppress the sending of the statements at issue, the automated statements were still sent in error.

17. Please explain and describe precisely what actions were taken by Nationstar, in the period of time between settlement of the prior lawsuit and the filing of the instant lawsuit, to ensure that no further statements or communications would be sent to Plaintiff. Include the dates such actions were taken and the names of the individuals employed by Nationstar who took such actions, and identify whether such individuals are still employed by Nationstar as of the date of these responses.

**RESPONSE:** Nationstar objects as Plaintiff has exceeded the maximum number of written interrogatories under FED. R. CIV. P. 33(a) and has not obtained stipulation or leave of Court to do so. Subject to and without waiving this objection, Nationstar states that Nationstar placed codes on the account designed and intended to stop communications with the borrower, including the sending of monthly statements. After the parties have entered into a mutually acceptable confidentiality agreement, Nationstar will produce information regarding the coding of this account.

18. Please explain with specificity Nationstar's purpose for sending further communications to Plaintiff following resolution of the prior lawsuit.

**RESPONSE:** Nationstar objects as Plaintiff has exceeded the maximum number of written interrogatories under FED. R. CIV. P. 33(a) and has not obtained stipulation or leave of Court to do so. Nationstar additionally objects the interrogatory is unduly burdensome and overbroad, not reasonably calculated to the lead to the discovery of admissible evidence, or proportional to the needs of this case. Subject to and without waiving this objection, Nationstar incorporates its response to interrogatory 17.

19. Please identify the specific reason that the statement sent to Plaintiff by Nationstar following resolution of the prior lawsuit was titled "Informational Statement."

**RESPONSE:** Nationstar objects as Plaintiff has exceeded the maximum number of written interrogatories under FED. R. CIV. P. 33(a) and has not obtained stipulation or leave of Court to do so. Nationstar additionally objects the interrogatory calls for a legal conclusion. Nationstar further objects that this interrogatory seeks Nationstar's legal reasoning and theories, which are protected by the work-product privilege.

20.   Please identify with specificity what "informational purpose" Nationstar believed Plaintiff to have for receiving any additional mortgage statements after discharge of the mortgage debt in bankruptcy.

**RESPONSE:**  Nationstar objects as Plaintiff has exceeded the maximum number of written interrogatories under FED. R. CIV. P. 33(a) and has not obtained stipulation or leave of Court to do so.  Nationstar additionally objects the interrogatory calls for a legal conclusion.  Nationstar further objects that this interrogatory seeks Nationstar's legal reasoning and theories, which are protected by the work-product privilege.  Nationstar further objects that the interrogatory is unduly burdensome and overbroad, not reasonably calculated to the lead to the discovery of admissible evidence, or proportional to the needs of this case.

Subject to and without waiving this objection, Nationstar incorporates its response to interrogatory 19. Generally, mortgage debt survives a discharge in bankruptcy and remains a lien on the property. Mortgage loan statements may be sent to a borrower post-discharge because Nationstar remains obligated to service the surviving mortgage debt, enforce the mortgage, and ensure preservation of collateral (including paying taxes and insurance). The information statement is sent in the event that, despite discharge, the borrower has an interest in property retention or loss mitigation.

### VERIFICATION

I swear and affirm that the foregoing factual answers to interrogatories are true and accurate to the best of my knowledge and belief and were made from the regularly kept business records of Nationstar.

Nationstar Mortgage LLC

By: _Fay Janati_

Printed Name:  Fay Janati

Title:   Litigation Resolution Analyst

STATE OF TEXAS
COUNTY OF DALLAS

The foregoing instrument was acknowledged before me this _17_ day of _January_ , 2017, by _Fay Janati_ who:

[X] is personally known to me or

[  ] has produced _____ as identification.

BRIAN K. WHITE
Notary Public, State of Texas
My Commission Expires
November 18, 2018

Notary Public:
_Brian K. White_

{39863535;5}

Commission No.:  /28450/9-3
My Commission Expires: /1-18-18

BRIAN K. WHITE
Notary Public, State of Texas
My Commission Expires
November 18, 2018

{39863535;5}

### SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

1.    Any and all documents identified in support of your responses to the above Interrogatories.

**RESPONSE:** Nationstar incorporates the objections set forth in the interrogatories into this response. Subject to and without waiving these objections, Nationstar will produce non-objectionable documents responsive to this request that relate to the loan file.

2.    Any and all documents involving, documenting or constituting communications between you and Plaintiff.

**RESPONSE:** Nationstar objects to this request as unduly burdensome and overbroad in scope by requesting description of "all documents" without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Nationstar states that Nationstar and Ms. Galle have settled all claims arising prior to December 20, 2013. Communications sent before then are not relevant to this action. Subject to and without waiving these objections, Nationstar will produce non-objectionable documents responsive to this request that relate to the loan file.

3.    Any and all correspondence which relates to any account you associate with Plaintiff's name, social security number, Nationstar loan number and/or the subject property.

**RESPONSE:** Nationstar objects to this request as unduly burdensome and overbroad in scope by requesting description of "all correspondence" without limitation as to the subject matter of the account and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Nationstar states that Nationstar and Ms. Galle have settled all claims arising prior to December 20, 2013. Communications sent before then are not relevant to this action. Nationstar further objects to the request as seeking information protected by the attorney-client and work-product privileges. Subject to and without waiving these objections, Nationstar will produce non-objectionable documents responsive to this request that relate to the loan file.

4.    Any and all notices which relate to any account you associate with Plaintiff's name, social security number, Nationstar loan number and/or the subject property.

**RESPONSE:** Nationstar objects to this request as unduly burdensome, vague and overbroad in scope by requesting "[a]ny and all notices" without limitation as to the subject matter of the account and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Nationstar states that Nationstar and Ms. Galle have settled all claims arising prior to December 20,

2013. Communications sent before then are not relevant to this action. Subject to and without waiving these objections, Nationstar will produce non-objectionable documents responsive to this request that relate to the loan file.

5.     Any and all account histories which relate to any account you associate with Plaintiff's

name, social security number, Nationstar loan number and/or the subject property.

**RESPONSE:** Nationstar objects to this request as unduly burdensome, vague and overbroad in scope by requesting "[a]ny and all accounts" without limitation as to the subject matter of the account and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Subject to and without waiving these objections, Nationstar will produce non-objectionable documents responsive to this request that relate to the loan file.

6.     Any and all billing statements which relate to any account you associate with Plaintiff's

name, social security number, Nationstar loan number and/or the subject property.

**RESPONSE:** Nationstar objects to this request as unduly burdensome, vague and overbroad in scope by requesting "[a]ny and all billing statements" without limitation as to the subject matter of the account and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Nationstar states that Nationstar and Ms. Galle have settled all claims arising prior to December 20, 2013. Communications sent before then are not relevant to this action. Subject to and without waiving these objections, Nationstar will produce non-objectionable documents responsive to this request that relate to the loan file.

7.     Any and all collection notes which relate to any account you associate with Plaintiff's

name, social security number, Nationstar loan number and/or the subject property.

**RESPONSE:** Nationstar objects to this request as unduly burdensome, vague and overbroad in scope by requesting "[a]ny and all collection notes" without limitation as to the subject matter of the account and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Nationstar further objects to the request as seeking information protected by the attorney-client and work-product privileges. Nationstar states that Nationstar and Ms. Galle have settled all claims arising prior to December 20, 2013. Communications sent before then are not relevant to this action. Subject to and without waiving these objections, Nationstar will produce non-objectionable documents responsive to this request that relate to the loan file.

8.  Any and all documents involving communications between you and any person, in

which the communication in any way referenced Plaintiff's name, social security number,

Nationstar loan number and/or the subject property.

**RESPONSE:** Nationstar objects to this request as unduly burdensome, vague and overbroad in scope by requesting "[a]ny and all documents involving communications" without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Nationstar further objects to the request as seeking information protected by the attorney-client and work-product privileges. Nationstar states that Nationstar and Ms. Galle have settled all claims arising prior to December 20, 2013. Communications sent before then are not relevant to this action. Subject to and without waiving these objections, Nationstar will produce non-objectionable documents responsive to this request that relate to the loan file.

9.  A complete copy of all information in Plaintiff's file or any file associated with any of

Plaintiff's personal identifiers, including her date of birth, her social security number, her

Nationstar loan number and/or the subject property address.

**RESPONSE:** Nationstar objects to this request as unduly burdensome, vague and overbroad in scope by requesting "[a] complete copy of all information" without limitation as to the subject matter of the account and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Nationstar further objects to the request as seeking information protected by the attorney-client and work-product privileges. Nationstar states that Nationstar and Ms. Galle have settled all claims arising prior to December 20, 2013. Communications sent before then are not relevant to this action.

10. Any and all telephone records, message books, log books, or other regularly maintained

records which in any way reference Plaintiff or any allegation or defense asserted in this

action.

**RESPONSE:** Nationstar objects to this request as unduly burdensome, vague and overbroad in scope by requesting "[a]ny and all telephone records, message books, log books, or other regularly maintained records" without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Nationstar and Ms. Galle have settled all claims arising prior to December 20, 2013. Nationstar further objects to the request as seeking information protected by the attorney-client and work-product privileges. Subject to and without waiving these objections, Nationstar will produce non-objectionable documents responsive to this request that relate to the loan file.

11.  Any and all documents identifying the names, addresses, telephone numbers, current

employers and current whereabouts of each and every one of Nationstar's employees who

communicated with Plaintiff or took any action with regard to Plaintiff.

**RESPONSE:** Nationstar objects to this request as unduly burdensome, vague and overbroad in scope by requesting "[a]ny and all documents" without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Nationstar also objects because it seeks confidential and personal information, for the purpose of contacting a Nationstar employee concerning matters within the scope of their employment with Nationstar, on the grounds that such contacts would be improper, unduly burdensome, and in contravention of legal and ethical restrictions on the contact or attempted contact by counsel with a represented party, entity, employee, or agent.

12.  Produce any and all policy manuals, procedure manuals, or any written material which

addresses policies, practices or procedures utilized by you for compliance with the

FDCPA and the FCCPA.

**RESPONSE:** Nationstar objects to this request as unduly burdensome, vague and overbroad in scope by requesting "[a]ny and all policy manuals, procedure manuals, or any written material" without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Nationstar further objects to this request as seeking propriety and confidential information. *The Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 143 (S.D.N.Y.) (noting that internal corporate documents and manuals are confidential information, the unprotected disclosure of which could furnish a "potential avenue for fraud by third parties."). Subject to and without waiving these objections, Nationstar directs Plaintiff to the policies and procedures that will be produced in response to Plaintiff's request for production, subject to a mutually acceptable confidentiality agreement, after the parties have entered into such a confidentiality agreement.

13.  Produce copies of any statements you have taken or received from any third person in

any way connected with the allegations contained in this lawsuit.

**RESPONSE:** Nationstar further objects to the request as seeking information protected by the attorney-client and work-product privileges. Subject to and without waiving the objection, Nationstar has not taken or received any statements connected with this litigation.

14. Any and all judgments, court opinions, complaints, administrative findings, administrative complaints, and/or consent orders relating to Nationstar and its acts or practices pertaining to compliance or lack of compliance with the FDCPA or the FCCPA from January 1, 2006 through the present.

**RESPONSE:** Nationstar objects to this request as unduly burdensome, vague and overbroad in scope and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Nationstar also objects to the extent this request calls for legal conclusions regarding "compliance or lack of compliance with the FDCPA or the FCCPA." Nationstar also objects on the grounds Plaintiff is seeking publicly available documents as equally accessible to Plaintiff as to Nationstar.

15. Any and all other documentary evidence that relates to the claims against Nationstar in this lawsuit.

**RESPONSE:** Nationstar objects to this request as vague and ambiguous, specifically as the terms "documentary evidence" is undefined. Nationstar objects to this request as unduly burdensome and overbroad in scope by requesting "[a]ny and all other documentary evidence" and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Nationstar further objects to the request as seeking information protected by the attorney-client and work-product privileges.

16. Any and all documents or correspondence in your possession, or in your attorneys' possession, that refers or relates to any fact(s) which may be relevant in this lawsuit, excluding correspondence between you and your attorney.

**RESPONSE:** Nationstar objects to this request as vague and ambiguous. Nationstar objects to this request as unduly burdensome and overbroad in scope by requesting "[a]ny and all documents" and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Nationstar objects to this request as vague and calling for a legal conclusion, specifically as to what constitutes "relevant" documents. Nationstar further objects to the request as seeking information protected by the work-product privileges. Subject to and without waiving these objections, Nationstar will produce non-objectionable documents responsive to this request that relate to the loan file.

17. Any and all work papers, notes, and documents in the file of any expert witness who is expected to testify on your behalf, or in the file of any expert who has written a report which is or will be relied upon, in whole in part, by any testifying expert on your behalf.

**RESPONSE:**   Nationstar has not yet identified any expert that may testify on Nationstar's behalf.

18.   Any and all expert reports which have been prepared in connection with this lawsuit or the incidents giving rise to this lawsuit, if the expert is expected to or may testify in this case.

**RESPONSE:**   Nationstar has not yet identified any expert that may testify on Nationstar's behalf.

19.   Any and all documents containing any description of any codes, shorthand, or notations contained in any documents which would be responsive to any of the prior requests.

**RESPONSE:**   Nationstar objects to this request as unduly burdensome, vague and overbroad in scope by requesting "[a]ny and all documents" without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case.  Nationstar further objects to this request as seeking propriety and confidential information. *The Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 143 (S.D.N.Y.) (noting that internal corporate documents and manuals are confidential information, the unprotected disclosure of which could furnish a "potential avenue for fraud by third parties."). Subject to and without waiving these objections, Nationstar will produce non-objectionable documents responsive to this request that relate to the loan file.

### SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

1.   Admit or deny that Nationstar was not the original servicer of the mortgage loan which is the subject of this action.

**RESPONSE:** Admit.

2.   Admit or deny that Plaintiff has never originated a loan with Nationstar.

**RESPONSE:** Admit.

3.   Admit or deny that Nationstar assumed servicing responsibilities with respect to the mortgage loan after Plaintiff initiated her bankruptcy case on July 14, 2008.

**RESPONSE:** Admit.

4.    Admit or deny that Nationstar assumed servicing responsibilities with respect to the

      mortgage loan from Countrywide Home Loans Servicing LP ("Countrywide") on or

      about May 1, 2013.

      **RESPONSE:** Admit.

5.    Admit or deny that Plaintiff elected to surrender the subject property in her bankruptcy

      case.

      **RESPONSE:** Objection, Nationstar does not have personal knowledge of what Plaintiff
      elected to do in her bankruptcy case. Any documents from that case speak for themselves.
      Otherwise, admit.

6.    Admit or deny that the order of discharge issued in Plaintiff's bankruptcy case on or about

      December 19, 2008 discharged the debt associated with the mortgage loan.

      **RESPONSE:** Objection, this request calls for a legal conclusion as to the effect of a
      discharge. Otherwise, deny. A bankruptcy discharge does not extinguish mortgage debt,
      which survives discharge. The discharge prevents a lender from seeking an *in personam*
      judgment against a borrower.

7.    Admit or deny that Nationstar continued to send monthly mortgage statements to Plaintiff

      after the Bankruptcy Court issued the order of discharge in Plaintiff's bankruptcy case.

      **RESPONSE:**  Objection, "monthly mortgage statements" is undefined, vague and
      ambiguous. Otherwise, Admit that Nationstar sent "informational statements" in the form
      attached to the complaint.

8.    Admit or deny that Plaintiff filed the prior lawsuit against Nationstar for sending post-

      discharge monthly mortgage statements.

      **RESPONSE:** Objection, Nationstar does not have personal knowledge of Plaintiff's
      decision-making process or motivation for filing the prior lawsuit. Otherwise, admit that
      Plaintiff filed the bankruptcy adversary proceeding captioned *Marcia Galle v. Nationstar
      Mortgage, LLC*, filed in the United States Bankruptcy Court for the Middle District of
      Florida, Fort Myers Division on or about July 11, 2013, case no. 9:13-ap-00607-FMD.
      The allegations in the adversary proceeding speak for themselves.

9.    Admit or deny that Nationstar was served with the prior lawsuit.

      **RESPONSE:** Admit.

10.    Admit or deny that Nationstar engaged the services of an attorney to enter an appearance on behalf of Nationstar in the prior lawsuit.

    **RESPONSE:** Admit.

11.    Admit or deny that Nationstar actively litigated the prior lawsuit.

    **RESPONSE:** Objection, as the term "actively" is ambiguous. Otherwise, admit.

12.    Admit or deny that Nationstar had actual knowledge of the prior lawsuit and the issues raised by Plaintiff therein.

    **RESPONSE:** Objection, as the term "actual knowledge" and "the issues raised by Plaintiff therein" are ambiguous. Otherwise, admit.

13.    Admit or deny that Nationstar had actual knowledge that Plaintiff found the monthly mortgage statements at issue in the prior lawsuit to be harassing.

    **RESPONSE:** Objection, as the term "actual knowledge" and "harassing" are ambiguous. Nationstar does not have personal knowledge of what Plaintiff found to be "harassing". Otherwise, Deny.

14.    Admit or deny that Nationstar had actual knowledge that Plaintiff construed the monthly mortgage statements at issue in the prior lawsuit as attempts to collect debt.

    **RESPONSE:** Objection, this request calls for a legal conclusion regarding what constitutes debt collection. Additionally, the terms "actual knowledge" and "construe" are ambiguous. Nationstar does not have personal knowledge of what Plaintiff found to be an "attempt to collect debt". Otherwise, Deny.

15.    Admit or deny that Nationstar settled the prior lawsuit with Plaintiff.

    **RESPONSE:** Admit.

16.    Admit or deny that the prior lawsuit was dismissed by stipulation between Plaintiff and Nationstar on or about March 26, 2014.

    **RESPONSE:** Admit.

17.    Admit or deny that Nationstar continued to send correspondence to Plaintiff following settlement of the prior lawsuit.

**RESPONSE:** Admit.

18. Admit or deny that Nationstar received the written warning from Plaintiff's counsel to

cease and desist further correspondence to Plaintiff (attached to Plaintiff's Complaint as

Composite Exhibit "L") before the filing of the instant action.

**RESPONSE:** Objection, as the term "written warning" is ambiguous. Otherwise, admit that Nationstar received the letter attached to the complaint as Exhibit L. Exhibit L speaks for itself.

19. Admit or deny that Nationstar generated, printed, or otherwise created the response to

Plaintiff's cease and desist letter dated April 29, 2015.

**RESPONSE:** Admit.

20. Admit or deny that Nationstar's letter of April 29, 2015 stated that the "Informational

Statements" would no longer be sent to Plaintiff.

**RESPONSE:** Admit that Nationstar advised that a cease and desist code had been placed on the account and that no further solicitations would be sent regarding the loan. The April 29, 2015, letter speaks for itself.

21. Admit or deny that Nationstar generated, printed, or otherwise created the "Informational

Statements" attached to the Complaint as Composite Exhibit "N".

**RESPONSE:** Admit.

22. Admit or deny that Nationstar sent the "Informational Statements" attached to the

Complaint as Composite Exhibit "N".

**RESPONSE:** Admit.

## AKERMAN LLP

By: */s/ Marc J. Gottlieb*
     Marc J. Gottlieb (FL Bar No. 827819)
     Eric S. Dwoskin (FL Bar No. 112459)
     Las Olas Centre II, Suite 1600
     350 East Las Olas Boulevard
     Fort Lauderdale, FL  33301-2999

Telephone: (954) 463-2700
Facsimile: (954) 463-2224
E-Mail:  marc.gottlieb@akerman.com
Secondary:  joyce.gutierrez@akerman.com
E-Mail:  eric.dwoskin@akerman.com
Secondary:  thelma.white@akerman.com
*Attorney for Nationstar Mortgage LLC*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 18, 2017, this offer of judgment was served on

Plaintiff's counsel by: **(1)** mail to : Joseph C. LoTempio, Esq., The Dellutri Law Group, P.A.,

1436 Royal Palm Square Blvd., Fort Myers, FL 33919; and **(2)** electronic mail to Joseph

LoTempio jlotempio@dellutrilawgroup.com.

*/s/ Marc J. Gottlieb*
Marc J. Gottlieb, Esq.