# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

MARCIA GALLE,

                 Plaintiff,

v.

                                         Case No.: 16-cv-00407-SPC-CM

NATIONSTAR MORTGAGE LLC,

                 Defendant.

_____/

## PLAINTIFF'S MOTION TO COMPEL
## RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION

COMES NOW, the Plaintiff, MARCIA GALLE, by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 37, and hereby moves to compel responses to the request for production served upon Defendant, NATIONSTAR MORTGAGE LLC (hereinafter "Defendant"), on October 18, 2016, and in support thereof states as follows:

## FACTUAL AND PROCEDURAL HISTORY

On May 27, 2016, Plaintiff filed the instant action for Defendant's continued violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.* (Doc. No. 1). This lawsuit was filed after settlement of a prior legal action between the parties, which Plaintiff brought against Defendant for identical conduct. Defendant filed its Motion to Dismiss this action on June 16, 2016 (Doc No. 10). This Court issued its opinion and order denying Defendant's Motion to Dismiss on July 29, 2016 (Doc. No. 14). Plaintiff was granted leave to file her First Amended Complaint (Doc. No. 17), which added a claim for punitive damages, by order of this Honorable

Court dated September 1, 2016 (Doc. No. 18).   Subsequently, on March 31, 2017, Plaintiff sought leave to file a Second Amended Complaint to include continued collection efforts, to wit, written communications sent by Defendant in an effort to collect the discharge debt *after this second lawsuit was filed* (Doc. No. 48).   Leave to file a Second Amended Complaint was granted by this Court on April 17, 2017 (Doc. No. 49).

The basis of Plaintiff's claims in this case under both the FDCPA and the FCCPA is that Defendant, by virtue of its continued written correspondence, is attempting to collect mortgage debt from Plaintiff that was discharged in her 2008 Chapter 7 bankruptcy case, and is thus no longer legally owed.   Plaintiff's First and Second Amended Complaints both alleged that punitive damages were appropriate based on the history between the parties, whereby Plaintiff has already taken legal action against Defendant for such collection efforts, making Defendant's continued efforts particularly egregious at this point.   Plaintiff's Second Amended Complaint added the additional communications sent after the filing of this action, making Defendant's efforts even more bewildering.

On October 18, 2016, Plaintiff served upon Defendant her First Set of Interrogatories, Requests for Production of Documents and Request for Admissions to Defendant Nationstar Mortgage, LLC (hereinafter the "discovery" or "discovery requests").   On November 17, 2016, Defendant filed an unopposed motion to extend time to respond to discovery (Doc. No. 30), which this Honorable Court granted on November 17, 2016 (Doc. No. 31).   On December 16, 2016, Defendant requested a second extension of time to respond to the discovery requests, making the responses due on January 13, 2017.   Plaintiff did not object to such request.   On January 13, 2017, Defendant requested

a third extension of time to respond to the discovery requests, making the responses due on January 20, 2017.  Plaintiff did not object to such request.

Finally, on January 18, 2017, Defendant served its responses to the discovery, attached hereto as **Exhibit "A"**.  However, Defendant made numerous objections to each and every request.  As a result of the voluminous objections, Defendant failed to adequately respond to many of the discovery requests.  This motion seeks to overrule Defendant's objections to Plaintiff's requests for production[1] and compel responses thereto.

## LEGAL ARGUMENT

## I.     Defendant's Objections Should be Overruled

Defendant objects to nearly every one of Plaintiff's requests for production on the basis that the request is "unduly burdensome, vague and overbroad in scope" and seeks "information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case."  However, Defendant never elaborates on these generic assertions.  As this Court has previously stated, it is the Defendant's burden to show when discovery is inappropriate, and the Defendant has made no showing of *how* any of the requests are "unduly burdensome, vague and overbroad in scope" or "not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case".  *See* Doc. No. 54 (stating that a party resisting discovery must establish lack of relevancy or undue burden in providing the requested information); *see also Roesburg v. Johns-Mansville Corp.*, 85 F.R.D. 292, 297 (E.D. Pa. 1980) ("[d]efendant cannot evade its discovery responsibilities by 'simply inton[ing] this

---

[1] Plaintiff seeks similar relief regarding Defendant's objections and responses to Plaintiff's interrogatories in a separate motion that will be filed contemporaneously herewith.  The instant motion addresses only Plaintiff's requests for production and Defendant's objections and responses thereto.

familiar litany' that the interrogatories are burdensome, oppressive or overly broad");
*Trabon Engineering Corp. v. Easton Manufacturing Co.*, 37 F.R.D. 51, 54 (N.D. Ohio 1964) ("[defendant] must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive").

## A.  Request for Production No. 2

Plaintiff's request for production number 2 asks Defendant to produce:

> Any and all documents involving, documenting or constituting communications between you and Plaintiff.

Defendant objects to this topic as "unduly burdensome and overbroad in scope by requesting description of 'all documents' without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case."  These generic, unsupported objections should be overruled, as discussed *supra*.

Defendant further objects because "Nationstar states that Nationstar and Ms. Galle have settled all claims arising prior to December 20, 2013.  Communications sent before then are not relevant to this action."  However, as this Court has previously ruled, the relevant time period is between December 19, 2008 and October 18, 2016.  *See* Doc. No. 54 ("the Court will designate the period between December 19, 2008 and October 18, 2016 as the relevant time period for discovery").

After the parties conferred regarding these objections via telephone on June 9, 2017, Defendant agreed to provide documents responsive to this request within ten (10) days.  Accordingly, Plaintiff respectfully requests that this Court overrule Defendant's objections to this request, and direct Defendant to respond within ten (10) days.

### B.  Request for Production No. 3

Plaintiff's request for production number 3 asks Defendant to produce:

> Any and all correspondence which relates to any account
> you associate with Plaintiff's name, social security number,
> Nationstar loan number and/or the subject property.

Defendant objects to this topic as "unduly burdensome and overbroad in scope by requesting 'all correspondence' without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case."  These generic, unsupported objections should be overruled, as discussed *supra*.

Defendant further objects because "Nationstar states that Nationstar and Ms. Galle have settled all claims arising prior to December 20, 2013.  Communications sent before then are not relevant to this action."  However, as this Court has previously ruled, the relevant time period is between December 19, 2008 and October 18, 2016.  *See* Doc. No. 54 ("the Court will designate the period between December 19, 2008 and October 18, 2016 as the relevant time period for discovery").  Accordingly, Defendant should be made to produce any documents responsive to this request within the relevant time frame.

Finally, Defendant objects "as seeking information protective by the attorney-client and work-product privileges."  However, as with other discovery objections, "[t]he party invoking privilege bears the burden of proof."  *Arthrex, Inc. v. Parcus Medical, LLC*, 2012 WL 5382050, *2 (M.D. Fla. 2012), *citing Tyne v. Time Warner Entm't Co., L.P.*, 212 F.R.D. 596, 599 (M.D. Fla. 2002).    "This burden can be met only by an evidentiary showing based on competent evidence, and cannot be discharged by mere conclusory or *ipse dixit* assertions."  *Arthrex, Inc., id., quoting CSX Transp., Inc. v. Admiral Ins. Co.*, 1995 WL 855421, *1 (M.D. Fla. July 20, 1995).  Defendant, in

conjunction with its discovery requests, has provided Plaintiff with no privilege log to support its objections.  As Defendant has not provided the privilege log, it "has not met its burden in establishing that a privilege applies to" Plaintiff's third request for production.  *See Arthrex, Inc., id.*

After the parties conferred regarding these objections via telephone on June 9, 2017, Defendant agreed to provide documents responsive to this request within ten (10) days, on condition that Plaintiff delete the reference to "the subject property" from the request, to which Plaintiff agreed.  The parties could not, however, resolve Defendant's objection based on the aforementioned privileges.  Accordingly, Plaintiff respectfully requests that this Court overrule Defendant's objections to this request, and direct Defendant to respond within ten (10) days.

### C.  Request for Production No. 4

Plaintiff's request for production number 4 asks Defendant to produce:

> Any and all notices which relate to any account you associate with Plaintiff's name, social security number, Nationstar loan number and/or the subject property.

Defendant objects to this topic as "unduly burdensome and overbroad in scope by requesting '[a]ny and all notices' without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case."  These generic, unsupported objections should be overruled, as discussed *supra*.

Defendant further objects because "Nationstar states that Nationstar and Ms. Galle have settled all claims arising prior to December 20, 2013.  Communications sent before then are not relevant to this action."  However, as this Court has previously ruled, the relevant time period is between December 19, 2008 and October 18, 2016.  *See* Doc.

No. 54 ("the Court will designate the period between December 19, 2008 and October 18, 2016 as the relevant time period for discovery").

After the parties conferred regarding these objections via telephone on June 9, 2017, Defendant agreed to provide documents responsive to this request within ten (10) days, on condition that Plaintiff delete the reference to "the subject property" from the request, to which Plaintiff agreed.  Accordingly, Plaintiff respectfully requests that this Court overrule Defendant's objections to this request, and direct Defendant to respond within ten (10) days.

### D.  Request for Production No. 5

Plaintiff's request for production number 5 asks Defendant to produce:

> Any and all account histories which relate to any account
> you associate with Plaintiff's name, social security number,
> Nationstar loan number and/or the subject property.

Defendant objects to this topic as "unduly burdensome and overbroad in scope by requesting '[a]ny and all accounts' without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case."  These generic, unsupported objections should be overruled, as discussed *supra*.

After the parties conferred regarding these objections via telephone on June 9, 2017, Defendant agreed to provide documents responsive to this request within ten (10) days, on condition that Plaintiff delete the reference to "the subject property" from the request, to which Plaintiff agreed.  Accordingly, Plaintiff respectfully requests that this Court overrule Defendant's objections to this request, and direct Defendant to respond within ten (10) days.

### E.  Request for Production No. 6

Plaintiff's request for production number 6 asks Defendant to produce:

> Any and all billing statements which relate to any account
> you associate with Plaintiff's name, social security number,
> Nationstar loan number and/or the subject property.

Defendant objects to this topic as "unduly burdensome and overbroad in scope by requesting '[a]ny and all billing statements' without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case." These generic, unsupported objections should be overruled, as discussed *supra*.

Defendant further objects because "Nationstar states that Nationstar and Ms. Galle have settled all claims arising prior to December 20, 2013. Communications sent before then are not relevant to this action." However, as this Court has previously ruled, the relevant time period is between December 19, 2008 and October 18, 2016. *See* Doc. No. 54 ("the Court will designate the period between December 19, 2008 and October 18, 2016 as the relevant time period for discovery").

After the parties conferred regarding these objections via telephone on June 9, 2017, Defendant agreed to provide documents responsive to this request within ten (10) days, on condition that Plaintiff delete the reference to "the subject property" from the request, to which Plaintiff agreed. Accordingly, Plaintiff respectfully requests that this Court overrule Defendant's objections to this request, and direct Defendant to respond within ten (10) days.

### F.  Request for Production No. 7

Plaintiff's request for production number 7 asks Defendant to produce:

> Any and all collection notes which relate to any account
> you associate with Plaintiff's name, social security number,
> Nationstar loan number and/or the subject property.

Defendant objects to this topic as "unduly burdensome and overbroad in scope by requesting '[a]ny and all collection notes' without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case." These generic, unsupported objections should be overruled, as discussed *supra*.

Defendant further objects because "Nationstar states that Nationstar and Ms. Galle have settled all claims arising prior to December 20, 2013. Communications sent before then are not relevant to this action." However, as this Court has previously ruled, the relevant time period is between December 19, 2008 and October 18, 2016. *See* Doc. No. 54 ("the Court will designate the period between December 19, 2008 and October 18, 2016 as the relevant time period for discovery"). Accordingly, Defendant should be made to produce any documents responsive to this request within the relevant time frame.

Finally, Defendant objects "as seeking information protective by the attorney-client and work-product privileges." However, as with other discovery objections, "[t]he party invoking privilege bears the burden of proof." *Arthrex, Inc. v. Parcus Medical, LLC*, 2012 WL 5382050, *2 (M.D. Fla. 2012), *citing Tyne v. Time Warner Entm't Co., L.P.*, 212 F.R.D. 596, 599 (M.D. Fla. 2002). "This burden can be met only by an evidentiary showing based on competent evidence, and cannot be discharged by mere conclusory or *ipse dixit* assertions." *Arthrex, Inc., id., quoting CSX Transp., Inc. v. Admiral Ins. Co.*, 1995 WL 855421, *1 (M.D. Fla. July 20, 1995). Defendant, in conjunction with its discovery requests, has provided Plaintiff with no privilege log to support its objections. As Defendant has not provided the privilege log, it "has not met

9

its burden in establishing that a privilege applies to" Plaintiff's third request for production.  *See Arthrex, Inc., id.*

After the parties conferred regarding these objections via telephone on June 9, 2017, Defendant agreed to provide documents responsive to this request within ten (10) days, on condition that Plaintiff delete the reference to "the subject property" from the request, to which Plaintiff agreed.  The parties could not, however, resolve Defendant's objection based on the aforementioned privileges.  Accordingly, Plaintiff respectfully requests that this Court overrule Defendant's objections to this request, and direct Defendant to respond within ten (10) days.

### G.  Request for Production No. 8

Plaintiff's request for production number 8 asks Defendant to produce:

> Any and all involving communications between you and any person, in which the communication in any way referenced Plaintiff's name, social security number, Nationstar loan number and/or the subject property.

Defendant objects to this topic as "unduly burdensome and overbroad in scope by requesting '[a]ny and all documents involving communications' without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case."  These generic, unsupported objections should be overruled, as discussed *supra*.

Defendant further objects because "Nationstar states that Nationstar and Ms. Galle have settled all claims arising prior to December 20, 2013.  Communications sent before then are not relevant to this action."  However, as this Court has previously ruled, the relevant time period is between December 19, 2008 and October 18, 2016.  *See* Doc. No. 54 ("the Court will designate the period between December 19, 2008 and October 18,

2016 as the relevant time period for discovery"). Accordingly, Defendant should be made to produce any documents responsive to this request within the relevant time frame.

Finally, Defendant objects "as seeking information protective by the attorney-client and work-product privileges." However, as with other discovery objections, "[t]he party invoking privilege bears the burden of proof." *Arthrex, Inc. v. Parcus Medical, LLC*, 2012 WL 5382050, *2 (M.D. Fla. 2012), *citing Tyne v. Time Warner Entm't Co., L.P.*, 212 F.R.D. 596, 599 (M.D. Fla. 2002). "This burden can be met only by an evidentiary showing based on competent evidence, and cannot be discharged by mere conclusory or *ipse dixit* assertions." *Arthrex, Inc., id., quoting CSX Transp., Inc. v. Admiral Ins. Co.*, 1995 WL 855421, *1 (M.D. Fla. July 20, 1995). Defendant, in conjunction with its discovery requests, has provided Plaintiff with no privilege log to support its objections. As Defendant has not provided the privilege log, it "has not met its burden in establishing that a privilege applies to" Plaintiff's third request for production. *See Arthrex, Inc., id.*

After the parties conferred regarding these objections via telephone on June 9, 2017, Defendant agreed to provide documents responsive to this request within ten (10) days, on condition that Plaintiff delete the reference to "the subject property" from the request, to which Plaintiff agreed. The parties could not, however, resolve Defendant's objection based on the aforementioned privileges. Accordingly, Plaintiff respectfully requests that this Court overrule Defendant's objections to this request, and direct Defendant to respond within ten (10) days.

## H.  Request for Production No. 9

Plaintiff's request for production number 9 asks Defendant to produce:

> A complete copy of all information in Plaintiff's file or any
> file associated with any of Plaintiff's personal identifies,
> including her date of birth, her social security number, her
> Nationstar loan number and/or the subject property address.

Defendant objects to this topic as "unduly burdensome and overbroad in scope by requesting '[a] complete copy of all information' without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case." These generic, unsupported objections should be overruled, as discussed *supra*.

Defendant further objects because "Nationstar states that Nationstar and Ms. Galle have settled all claims arising prior to December 20, 2013. Communications sent before then are not relevant to this action." However, as this Court has previously ruled, the relevant time period is between December 19, 2008 and October 18, 2016. *See* Doc. No. 54 ("the Court will designate the period between December 19, 2008 and October 18, 2016 as the relevant time period for discovery"). Accordingly, Defendant should be made to produce any documents responsive to this request within the relevant time frame.

Finally, Defendant objects "as seeking information protective by the attorney-client and work-product privileges." However, as with other discovery objections, "[t]he party invoking privilege bears the burden of proof." *Arthrex, Inc. v. Parcus Medical, LLC*, 2012 WL 5382050, *2 (M.D. Fla. 2012), *citing Tyne v. Time Warner Entm't Co., L.P.*, 212 F.R.D. 596, 599 (M.D. Fla. 2002). "This burden can be met only by an evidentiary showing based on competent evidence, and cannot be discharged by mere conclusory or *ipse dixit* assertions." *Arthrex, Inc., id., quoting CSX Transp., Inc. v. Admiral Ins. Co.*, 1995 WL 855421, *1 (M.D. Fla. July 20, 1995). Defendant, in conjunction with its discovery requests, has provided Plaintiff with no privilege log to

support its objections.  As Defendant has not provided the privilege log, it "has not met its burden in establishing that a privilege applies to" Plaintiff's third request for production.  *See Arthrex, Inc., id.*

After the parties conferred regarding these objections via telephone on June 9, 2017, Defendant agreed to provide documents responsive to this request within ten (10) days, on condition that Plaintiff delete the reference to "the subject property address" from the request, to which Plaintiff agreed.  The parties could not, however, resolve Defendant's objection based on the aforementioned privileges.  Accordingly, Plaintiff respectfully requests that this Court overrule Defendant's objections to this request, and direct Defendant to respond within ten (10) days.

## I.  Request for Production No. 10

Plaintiff's request for production number 10 asks Defendant to produce:

> Any and all telephone records, message books, log books, or other regularly maintained records which in any way reference Plaintiff or any allegation or defense asserted in this action.

Defendant objects to this topic as "unduly burdensome and overbroad in scope by requesting description of '[a]ny and all telephone records, message books, log books, or other regularly maintained records' without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case."  These generic, unsupported objections should be overruled, as discussed *supra*.

Defendant further objects because "Nationstar states that Nationstar and Ms. Galle have settled all claims arising prior to December 20, 2013.  Communications sent before then are not relevant to this action."  However, as this Court has previously ruled,

the relevant time period is between December 19, 2008 and October 18, 2016.  *See* Doc. No. 54 ("the Court will designate the period between December 19, 2008 and October 18, 2016 as the relevant time period for discovery").  Accordingly, Defendant should be made to produce any documents responsive to this request within the relevant time frame.

Finally, Defendant objects "as seeking information protective by the attorney-client and work-product privileges."  However, as with other discovery objections, "[t]he party invoking privilege bears the burden of proof."  *Arthrex, Inc. v. Parcus Medical, LLC*, 2012 WL 5382050, *2 (M.D. Fla. 2012), *citing Tyne v. Time Warner Entm't Co., L.P.*, 212 F.R.D. 596, 599 (M.D. Fla. 2002).    "This burden can be met only by an evidentiary showing based on competent evidence, and cannot be discharged by mere conclusory or *ipse dixit* assertions."  *Arthrex, Inc., id., quoting CSX Transp., Inc. v. Admiral Ins. Co.*, 1995 WL 855421, *1 (M.D. Fla. July 20, 1995).  Defendant, in conjunction with its discovery requests, has provided Plaintiff with no privilege log to support its objections.  As Defendant has not provided the privilege log, it "has not met its burden in establishing that a privilege applies to" Plaintiff's third request for production.  *See Arthrex, Inc., id.*

## J.  Request for Production No. 11

Plaintiff's request for production number 11 asks Defendant to produce:

> Any and all documents identifying the names, addresses, telephone numbers, current employers and current whereabouts of each and every one of Nationstar's employees who communicated with Plaintiff or took any action with regard to Plaintiff.

Defendant objects to this topic as "unduly burdensome and overbroad in scope by requesting description of '[a]ny and all documents' without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or

proportional to the needs of this case."  These generic, unsupported objections should be overruled, as discussed *supra*.

Defendant further objects because this request "seeks confidential and personal information, for the purpose of contacting a Nationstar employee concerning matters within the scope of their employment with Nationstar, on the grounds that such contacts would be improper, unduly burdensome, and in contravention of legal and ethical restrictions on the contact or attempted contact by counsel with a represented party, entity, employee, or agent."  However, Plaintiff does not seek this information for the purpose of contacting any current employees of Defendant improperly, and will certainly direct any correspondence through Defendant's counsel.  Rather, in this request, Plaintiff seeks primarily to identify those persons who are *no longer employed* by Defendant, which is entirely proper.  Accordingly, Defendant's objection should be overruled and Defendant should be made to produce the required information.

### K.  Request for Production No. 12

Plaintiff's request for production number 12 asks Defendant to:

> Produce any and all policy manuals, procedure manuals, or any written material which addresses policies, practices or procedures utilized by you for compliance with the FDCPA and the FCCPA.

Defendant objects to this topic as "unduly burdensome and overbroad in scope by requesting description of '[a]ny and all policy manuals, procedure manuals, or any written material' without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case."  These generic, unsupported objections should be overruled, as discussed *supra*.

Defendant then states that it will produce the requested documents "[a]fter the parties have entered into a mutually acceptable confidentiality agreement".  However, pursuant to this Court's order of May 31, 2017 (Doc. No. 54), the parties have entered into a "mutually acceptable confidentiality agreement", but to date Defendant has not produced the responsive documents.

After the parties conferred regarding these objections via telephone on June 9, 2017, Defendant agreed to provide documents responsive to this request within ten (10) days.  Accordingly, Plaintiff respectfully requests that this Court overrule Defendant's objections to this request, and direct Defendant to respond within ten (10) days.

### L.  Request for Production No. 14

Plaintiff's request for production number 14 asks Defendant to produce:

> Any and all judgments, court opinions, complaints, administrative findings, administrative complaints, and/or consent orders relating to Nationstar and its acts or practices pertaining to compliance or lack of compliance with the FDCPA of the FCCPA from January 1, 2006 through the present.

Defendant objects to this topic as "unduly burdensome, overbroad in scope and not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case."  These generic, unsupported objections should be overruled, as discussed *supra*.

Defendant "also objects to the extent this request calls for legal conclusions regarding 'compliance or lack of compliance with the FDCPA or the FCCPA." However, no legal conclusion is required to comply with this request; compliance, or lack thereof, with the FDCPA and the FCCPA is inherently at issue in every action filed thereunder.  The only conclusion that must be made in determining whether a document

fulfills this request is whether the underlying action involved an alleged violation of the FDCPA or the FCCPA.

Finally, Defendant "also objects on the grounds [that] Plaintiff is seeking publicly available documents as equally accessible to Plaintiff as to Nationstar." However, this is clearly incorrect. Defendant undoubtedly tracks each and every judgment, court opinion, complaint, administrative finding, administrative complaint, and consent order related to its compliance with the relevant statutes. All such information can be quickly and easily accessed by Defendant, whereas Plaintiff would have to spend countless hours conducting an investigation to find all such information. The fact that all such information is "publicly available" – even if true – does not absolve Defendant from responding to the request in this case.

### M. Request for Production No. 15

Plaintiff's request for production number 15 asks Defendant to produce:

> Any and all other documentary evidence that relates to the claims against Nationstar in this lawsuit.

Defendant objects to this topic as "unduly burdensome and overbroad in scope by requesting description of '[a]ny and all other documentary evidence' without limitation and seeking information not reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case." These generic, unsupported objections should be overruled, as discussed *supra*.

Defendant also objects to this topic as "vague and ambiguous, specifically as the terms 'documentary evidence' is undefined." Plaintiff gives these terms their ordinary meaning, as defined by the Merriam-Webster Dictionary. "Documentary" is defined as "being or consisting of document: contained or certified in writing[.]" *See*

https://www.merriam-webster.com/dictionary/documentary.   "Evidence" is defined as "an outward sign" or "something that furnishes proof[.]"   *See* https://www.merriam-webster.com/dictionary/evidence.   Additionally, Sec. III.A., ¶ 2 of the Middle District of Florida Discovery Handbook indicates that "[w]ords used in discovery normally should carry their plain and ordinary meaning unless the particular case requires a special or technical definition, which should be specified plainly and concisely by the party required to respond to the term(s)."   There is no need for a special or technical definition of the words in this case; as such, Defendant's objection based on the definitions of such words is illegitimate.

Finally, Defendant objects on the basis that the request seeks "information protected by the attorney-client and work-product privileges".   However, as with other discovery objections, "[t]he party invoking privilege bears the burden of proof."   *Arthrex, Inc. v. Parcus Medical, LLC*, 2012 WL 5382050, *2 (M.D. Fla. 2012), *citing Tyne v. Time Warner Entm't Co., L.P.*, 212 F.R.D. 596, 599 (M.D. Fla. 2002).   "This burden can be met only by an evidentiary showing based on competent evidence, and cannot be discharged by mere conclusory or *ipse dixit* assertions."   *Arthrex, Inc., id., quoting CSX Transp., Inc. v. Admiral Ins. Co.*, 1995 WL 855421, *1 (M.D. Fla. July 20, 1995). Defendant, in conjunction with its discovery requests, has provided Plaintiff with no privilege log to support its objections.   As Defendant has not provided the privilege log, it "has not met its burden in establishing that a privilege applies to" Plaintiff's fifteenth document request.   *See Arthrex, Inc., id.*

**II.**    **This Court Should Sanction Defendant With an Award of Attorneys' Fees and Costs to Plaintiff**

Federal Rule of Civil Procedure 37 specifically states that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to answer an interrogatory submitted under Rule 33" or if "a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." *See* Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv).  As of the date of this motion, Defendant has failed to provide documents or permit documents for inspection within the time frame granted by this Court.

The court "has wide latitude in imposing sanctions for failure to comply with discovery." *Aziz v. Wright*, 34 F. 3d 587, 589 (8th Cir.1994).  Where the producing party's actions necessitate the motion to compel, or where the objections and failure to respond are not substantially justified, an award of sanctions is appropriate. *Starcher v. Corr. Med. Sys., Inc.*, 144 F. 3d 418, 421–22 (6th Cir.1998).  Further, a party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that its position is substantially justified. *Rickels v. City of South Bend*, 33 F. 3d 785, 787 (7th Cir.1994).

Pursuant to Federal Rule of Civil Procedure 37(d)(1)(A)(ii), Plaintiff submits that this Court should order sanctions against Defendant and Defendant's counsel for their failure to respond to Plaintiff's discovery.  Further, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), Plaintiff submits that this Court should order Defendant and Defendant's counsel to pay the Plaintiff's reasonable expenses incurred in making the instant motion, including attorney's fees.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant this motion, overrule all of Defendant's objections to the discovery requests discussed herein, direct Defendant to provide Plaintiff with full and complete responses to such requests within ten (10) days, and award any further relief that this Honorable Court deems just and proper.

## Local Rule 3.01(g) Certification

I HEREBY CERTIFY that pursuant to Local Rule 3.01(g), the undersigned did confer with counsel for Defendant regarding the issues raised in this motion via telephone on June 9, 2017.  The undersigned was able to resolve certain issues with counsel for Defendant, as detailed *supra*.  The undersigned was unable to reach a resolution without judicial intervention as to the remaining issues discussed in this motion.

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon the persons named on the attached Service List electronically via the Court's CM/ECF system on June 9, 2017.

*/s/ Joseph C. LoTempio*

Joseph C. LoTempio, Esq.
FBN: 0086097
jlotempio@dellutrilawgroup.com
THE DELLUTRI LAW GROUP, P.A.
1436 Royal Palm Square Blvd.
Fort Myers, FL 33919
239-939-0900
239-939-0588 – Fax
www.DellutriLawGroup.com

## Service List

Marc J. Gottlieb
Akerman, LLP
350 East Las Olas Blvd., Ste. 1600
Ft. Lauderdale, FL  33301
marc.gottlieb@akerman.com
*Counsel for Nationstar Mortgage LLC*

Eric S. Dwoskin
Akerman, LLP
350 East Las Olas Blvd., Ste. 1600
Ft. Lauderdale, FL  33301
eric.dwoskin@akerman.com
*Counsel for Nationstar Mortgage LLC*

3070.02