MARCIA GALLE,

       Plaintiff,

v.                                Case No:  2:16-cv-407-FtM-38CM

NATIONSTAR MORTGAGE, LLC,

       Defendant.

_____

## ORDER

This matter comes before the Court upon review of the Joint Motion to Extend Discovery Cutoff (Doc. 55); Plaintiff's Motion to Compel Punitive Discovery Responses (Doc. 56); Plaintiff's Motion to Compel Responses to Plaintiff's Interrogatories (Doc. 57); and Plaintiff's Motion to Compel Responses to Plaintiff's Request for Production (Doc. 58) filed on June 9, 2017.  Defendant opposes Plaintiff's motions to compel. Docs. 56 at 5, 57 at 23, 58 at 20.

## I.  Background

On May 24, 2016, Plaintiff initiated this proceeding by filing a complaint against Defendant.  Doc. 1.  With leave of the Court, Plaintiff amended her complaint twice and filed a Second Amended Complaint and Demand for Jury Trial (the "Second Amended Complaint") on April 17, 2017, which includes a claim for punitive damages.  Docs. 16, 17, 18, 49, 50.  The Second Amended Complaint alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 – 1692p, and the Florida Consumer Collection Practices Act

("FCCPA"), sections 559.55 to 559.785 of the Florida Statutes. Doc. 50 ¶ 2. Specifically, Plaintiff alleges that Defendant violated section 559.72(9) of the Florida Statutes and 15 U.S.C. §§ 1692e(2)(A), 1692e(10), and 1692f. *Id.* ¶¶ 35, 42, 48, 55. Plaintiff is a resident of Collier County, and Defendant is a foreign limited liability company operating in Texas. *Id.* ¶¶ 4-5. Plaintiff alleges that Defendant is a debt collector under the definitions of the federal and state statutes. *Id.* ¶ 5.

According to the Second Amended Complaint, on July 14, 2008, Plaintiff filed a voluntary Chapter 7 bankruptcy petition with this District's bankruptcy court. *Id.* ¶ 6. Plaintiff states that the schedules filed with her bankruptcy petition included a mortgage on real property owed to Countrywide Home Loans Servicing LP ("Countrywide"). *Id.* ¶ 7. Plaintiff alleges that she clearly indicated her intention to surrender the mortgaged property, and Countrywide was included in the mailing matrix filed with her bankruptcy petition. *Id.* ¶¶ 8-9. Subsequently, on July 18, 2008, the Clerk of Court issued a written notice of filing and of the creditors' meeting to all parties on the master mailing matrix. *Id.* ¶ 10. Plaintiff claims that Countrywide did not attend the creditors' meeting, and the bankruptcy case discharged Plaintiff's debts including the mortgage loan owed to Countrywide. *Id.* ¶¶ 11-13.

Plaintiff alleges that on or about May 1, 2013, Countrywide transferred servicing of Plaintiff's discharged mortgage loan to Defendant, which sent a notice of transfer to Plaintiff. *Id.* ¶ 14. Defendant also allegedly sent a loan statement dated

May 21, 2013, which stated that Plaintiff owed the discharged mortgage loan to Defendant. *Id.* ¶ 15.

Plaintiff claims that upon receiving the notice and the statement, Plaintiff filed a lawsuit against Defendant for violating the discharge injunction under the federal bankruptcy code. *Id.* ¶ 16. Plaintiff argues that the parties amicably resolved that proceeding by entering into a settlement agreement and filing a stipulation to dismiss the proceeding with prejudice on May 26, 2014. *Id.* ¶¶ 17-18. As a material condition of the settlement agreement, Defendant agreed to cease and desist any further collection activity with the mortgage loan in dispute. *Id.* ¶ 17.

Despite the settlement agreement, Plaintiff asserts that Defendant sent informational statements demanding her payment on the discharged debt for over a year. *Id.* ¶ 19. Plaintiff claims that although her counsel sent a cease and desist letter, Defendant continued to send statements to Plaintiff. *Id.* ¶¶ 23-25. Plaintiff argues that Defendant's actions constitute violations of the FDCPA and the FCCPA. *Id.* ¶ 29.

On June 16, 2016, Defendant filed a motion to dismiss Plaintiff's complaint (Doc. 1), which United States District Judge Sheri Polster Chappell denied. Docs. 10, 14. On October 4, 2016, the Court entered a Case Management and Scheduling Order ("CMSO") setting the mediation deadline to April 27, 2017, the deadlines to disclose expert reports for Plaintiff to May 5, 2017 and for Defendant to May 19, 2017, the discovery deadline to June 9, 2017, the deadline for dispositive motions to July 14, 2017, and a trial term of November 6, 2017. Doc. 23 at 1-2.

Approximately one month prior to the discovery deadline, on May 5, 2017, Plaintiff provided an Amended Notice of Taking Deposition ("Notice") to Defendant, seeking to depose Defendant's corporate representative on June 6, 2017. Doc. 52-1 at 2. In the Notice, Plaintiff proposed to examine twenty-three matters during the deposition. *Id.* at 3-6. Plaintiff also demanded that Defendant bring eleven categories of documents to the deposition. *Id.* at 6-7. Defendant objects to nine proposed topics for the deposition and requests to bring four types of documents. Doc. 52 at 3-10. On May 12, 2017, Defendant filed a motion for a protective order based on its objections. Doc. 52. On May 31, 2017, the Court issued an Order granting in part and denying in part Defendant's motion, which resolved the discovery disputes regarding the deposition. Doc. 54 at 4-21. The Court ordered that the parties conduct the June 6, 2017 deposition pursuant to the Order. *Id.* at 21.

## II.    The Joint Motion to Extend Discovery Cutoff (Doc. 55)

On the discovery cutoff date, June 9, 2017, the parties jointly filed a motion to extend the discovery deadline to July 19, 2017. Doc. 55. The parties state that Defendant's counsel had a medical emergency and could not attend the deposition on June 6, 2017. *Id.* at 1. As a result, the parties seek to extend the discovery deadline to July 19, 2017 in order to reschedule the deposition and accommodate any issues arising therefrom. *Id.* The parties' motion, however, does not address the extended discovery deadline's impact on other CMSO deadlines, although the requested

discovery deadline will be five days after the deadline of July 14, 2017 for dispositive motions.    Docs. 23, 55.

District courts have broad discretion when managing their cases in order to ensure that the cases move to a timely and orderly conclusion.    *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002).    Rule 16 requires a showing of good cause for modification of a court's scheduling order.    Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension."    *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (internal quotations and citations omitted).    To establish good cause, the CMSO in this matter states that "[t]he moving party must show that the failure to complete discovery is not the result of lack of diligence in pursuing discovery."    Doc. 23 at 4.

Here, although this matter has been pending for approximately one year since May 26, 2016, Plaintiff scheduled a deposition on June 6, 2017, three days before the discovery deadline.    Doc. 55 at 1.    Despite having one year to conduct discovery, however, the parties seek additional time to reschedule the deposition and *to conduct unlimited discovery* because Defendant's counsel was unavailable for the deposition on June 6, 2017.    *Id.*    Given the length of time this case has been pending and the Court's Order resolving the parties' disputes regarding the deposition, the Court finds that Defendant's counsel's previous unavailability does not constitute sufficient good cause to extend the discovery deadline unconditionally.    Docs. 23 at 4; 54; 55 at 1.

Instead, the Court will direct the parties to show cause in writing why the Court should find good cause to extend the discovery deadline unconditionally, and not for the limited purposes of rescheduling the deposition only. In the same response, the parties must address the impact on the remaining CMSO deadlines of conducting discovery after the deadline and the standard for good cause under Rule 16. Doc. 23 at 4; *see Sosa*, 133 F.3d at 1418.

### III.  Plaintiff's Motions to Compel (Docs. 56, 57, 58)

Also on the discovery cutoff date of June 9, 2017, Plaintiff filed three motions to compel Defendant's responses to her discovery requests. Docs. 56, 57, 58. Plaintiff alleges that on October 18, 2016, she served her First Set of Punitive Damage Discovery, First Set of Interrogatories, Requests for Production of Documents, and Request for Admissions to Defendant. Docs. 56 at 2, 57 at 2, 58 at 2. After obtaining three extensions of time to respond, Defendant served its responses to Plaintiff's discovery requests on January 18, 2017. Docs. 56 at 2-3, 57 at 2-3, 58 at 2-3. Defendant made various objections to Plaintiff's discovery requests. Docs. 56 at 3, 57 at 3, 58 at 3.

After receiving Defendant's objections, however, Plaintiff waited five months to bring her discovery concerns before the Court. Docs. 56 at 5, 57 at 23, 58 at 20. Plaintiff's counsel alleges that he conferred with the opposing counsel regarding the disputed discovery requests on *June 9, 2017*, and filed the present motions to compel on the same day. Docs. 56 at 5, 57 at 23, 58 at 20.

The CMSO in this matter clearly states that "[u]pon receipt of objectionable discovery, a party has a duty to seek relief immediately and not wait until discovery is due or almost due." Doc. 23 at 4. The courts in this District repeatedly have upheld this principle and denied motions to compel when a moving party did not move to compel discovery within a reasonable time period. *Coleman v. Starbucks*, No. 6:14-cv-527-Orl-22TBS, 2015 WL 2449585, at *8 (M.D. Fla. May 22, 2015) ("While there is no local or federal rule setting a precise deadline for the filing of a motion to compel, it is clear that any such motion must be filed within a 'reasonable' time period.") (citing *Hoai Thanh v. Hien T. Ngo*, Civ. No. PJM 11-1992, 2013 WL 1976009, at *2 (D. Md. May 10, 2013)) (other citations omitted); *Pushko v. Klebener*, No. 3:15-cv-211-J-25HTS, 2007 WL 2671263, at *2 (M.D. Fla. Sept. 7, 2007) (denying a motion to compel discovery because the moving party served discovery requests on the eve of the discovery deadline and waited four months to file the motion to compel after it received the opposing party's objections to its discovery requests); *Malibu Media, LLC v. Weaver*, No. 8:14-cv-1580-T-33TBM, 2016 WL 473133, at *1-*2 (M.D. Fla. Feb. 8, 2016) (upholding the United States Magistrate Judge's order that denied the two motions to compel brought one day before the discovery deadline expired because the moving party failed to provide a reason or good cause for the delay in bringing the motions).

Here, despite the Court's clear directive in the CMSO, Plaintiff filed the motions to compel on the discovery cutoff date, which is only one month prior to the deadline of July 14, 2017 for dispositive motions and five months before the trial term

of November 6, 2017 are to commence. Doc. 23 at 1-2, 4. Because of Plaintiff's unexplained delay in bringing her motions to compel, granting her motions would require extending the discovery deadline and possibly other CMSO deadlines including the deadline for dispositive motions and the trial term. Docs. 23, 55; *see* *Malibu Media*, 2016 WL 473133, at *2; *Coleman*, 2015 WL 2449585, at *8 ("When parties fail to raise discovery disputes with the court in a timely manner, those disputes can fester into serious case management problems."). Plaintiff, however, does not offer any explanation why she waited until the discovery cutoff date even to confer with the opposing counsel, although she had five months to do so. Docs. 56, 57, 58.

In addition to being untimely, Plaintiff's motions to compel re-assert the discovery issues that the Court settled in a prior Order (Doc. 54). Docs. 56, 57, 58. In that Order, the Court found in various areas that Plaintiff's discovery requests are overly broad because they sought general information not specific to Plaintiff's claims. Doc. 54 at 14-20. The Court clearly stated that this case only "involves a question of how Defendant treated Plaintiff's debt specifically, not how it generally treats discharged debts." *Id.* at 19. Accordingly, the Court limited the scope of Plaintiff's various discovery requests to specific statutes alleged in her Second Amended Complaint and to information regarding Plaintiff. *Id.* at 14-20.

Although the Court set clear limits on the scope of discovery, Plaintiff's discovery requests at issue here again ask for broad information. In disregard of the Court's rulings, for example, Plaintiff's discovery request for punitive damages asks Defendant to identify all lawsuits pending against Defendant, which involve the same conduct

alleged here, regardless of whether those lawsuits involve Plaintiff or not. Docs. 56 at 3, 56-1 at 2.

Furthermore, Interrogatory No. 3 requests any and all procedures, policies, rules, and guidelines that Defendant uses to comply with the FDCPA and the FCCPA. Doc. 57 at 6. The Court already addressed a substantively similar discovery request[1] and limited the scope of Defendant's production of documents related to the specific statutes at issue here, section 559.72(9) of the Florida Statutes and 15 U.S.C. §§ 1692e(2)(A), 1692e(10), and 1692f, during the relevant time period. Doc. 54 at 19-20. The Court explained that it "will not permit Plaintiff to inquire into Defendant's overarching policies and practices to comply with the FDCPA or the FCCPA on the hope of finding something relevant to this case." *Id.* at 20. Accordingly, the Court finds that by contesting the discovery issues the previous Order addressed, Plaintiff's motions seek in disguise the Court's reconsideration of its previous Order, or reveal that Plaintiff's counsel has not carefully read or followed the Court's Order. Docs. 54, 56, 57, 58.

Furthermore, the Court finds that Plaintiff has served redundant discovery requests. In the Notice, Plaintiff sought that Defendant bring to the deposition "[t]he full account history for any accounts held by Defendant and associated with Plaintiff, including records involving bankruptcies, civil lawsuits, and any and all communications between Defendant or anyone acting on behalf of Defendant and

---

[1] Plaintiff's Demand Number 3 in the Notice sought the production of "[c]opies of the standard operating policies, practices or procedures that Defendant has adopted, employed or otherwise followed regarding compliance with the [FDCPA] and/or the [FCCPA]." Doc. 52-1 at 6.

either Plaintiff or their counsel in any legal matter." Doc. 54 at 21. The Court ordered Defendant to produce the requested documents of the relevant time period. *Id.* Plaintiff's Request for Production No. 3, however, demands Defendant to produce "[a]ny and all correspondence which relates to any account [Defendant] associate[s] with Plaintiff's name, social security number, Nationstar loan number and/or the subject property." Doc. 58 at 5. This example of the discovery requests shows that Plaintiff's motions contain overlapping discovery requests. *Id.*; Doc. 54 at 21.

The Court's analysis of Plaintiff's motions reveals that the motions are not substantively ripe for the Court's review because they contain issues the Court already has addressed or Plaintiff can resolve easily by comparing her discovery requests. The Court will not expend its resources to reiterate its rulings and compare Plaintiff's discovery requests in detail, especially when the motions to compel were not timely filed. Docs. 56, 57, 58. The Court reminds Plaintiff that only when she cannot resolve disputes after conducting adequate legal research and carefully reading the Court's Order and her own discovery requests should she resort to the Court's help and present meaningful arguments for the Court to consider. Based on the reasons above, the Court will deny Plaintiff's motions to compel.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Joint Motion to Extend Discovery Cutoff (Doc. 55) is **GRANTED in part and DENIED in part**. The parties shall have up to and including **June 20, 2017**

to show cause in writing why the Court should find good cause to extend the discovery deadline unconditionally, and not for the limited purposes of rescheduling the deposition only.

2.    Plaintiff's Motion to Compel Punitive Discovery Responses (Doc. 56) is **DENIED**.

3.    Plaintiff's Motion to Compel Responses to Plaintiff's Interrogatories (Doc. 57) is **DENIED**.

4.    Plaintiff's Motion to Compel Responses to Plaintiff's Request for Production (Doc. 58) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of June, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record