UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARCIA GALLE,

    Plaintiff,

v.                                                                     Case No: 2:16-cv-407-FtM-38CM

NATIONSTAR MORTGAGE, LLC,

    Defendant.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Defendant Nationstar Mortgage, LLC's Objection to Order Denying Motion to Strike Jury Demand. (Doc. 44). Plaintiff Marcia Galle has responded in opposition with supplemental authority. (Doc. 46). Consequently, this matter is ripe for review.

## BACKGROUND

Galle initiated this suit under the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act. (Doc. 1; Doc. 17). In the Complaint and Amended Complaint, Galle made a demand for a jury trial. Nationstar responded in its answers that she was not entitled to a jury trial. (Doc. 15; Doc. 22). But before Nationstar filed its answer to the Amended Complaint, it and Galle represented the case as a jury trial in

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

their joint Case Management Report ("CMR"). (Doc. 21). From there, the Court issued a Case Management and Scheduling Order ("CMSO") setting this case as a jury trial before the undersigned. (Doc. 23). Six weeks later, Nationstar moved to strike Galle's jury trial for the first time. (Doc. 32). The United States Magistrate Judge denied the motion because Nationstar (1) waived the right to invoke a jury waiver provision by selecting the jury trial option in the joint CMR; and (2) failed to expeditiously object to the CMSO scheduling the case for a jury trial. (Doc. 43). Nationstar now objects to that decision.[2] (Doc. 44).

## LEGAL STANDARD

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter before the court," subject to exceptions not relevant to this case. 28 U.S.C. § 636(b)(1)(A). And Federal Rule of Civil Procedure 72 governs pretrial matters referred to magistrate judges. Under that rule, a district court reviewing a magistrate judge's decision on a non-dispositive issue "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* Kaiser Aluminum & Chem. Corp. v. Phosphate Eng'g & Const. Co., 153 F.R.D. 686, 687 (M.D. Fla. 1994). Clear error is a highly deferential standard of review. *See* Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1351-52 (11th Cir. 2005). "A finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* Further, an order "is contrary to the law when it fails to apply or

---

[2] The Magistrate Judge's order also granted in part and denied in part Galle's motion to strike Nationstar's affirmative defenses. (Doc. 43). Nationstar does not object, however, to that part of the order. (Doc. 44).

misapplies relevant statutes, case law, or rules of procedure." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013).

## DISCUSSION

Nationstar argues the Magistrate Judge's order is clearly erroneous and contrary to law for three reasons: (1) the reliance on *Roth v. Nationstar Mortg. LLC,* No. 2:15-cv-783-FtM-29MRM, 2016 WL 7473818 (M.D. Fla. Dec. 29, 2016) was misguided; (2) it objected to Galle's demands for a jury trial in its answers; and (3) the jury designation in the CMR did not constitute a valid waiver. (Doc. 44). None of the objections is persuasive.

The Court is hard-pressed to find the Magistrate Judge's reliance on *Roth* to be clearly erroneous or contrary to the law. It is not lost that *Roth* was an unfavorable decision to Nationstar, a defendant in that case, on the same jury demand issue here. In *Roth*, the Honorable John E. Steele found that "[b]y failing to object to [p]laintiff's jury demands in the original and amended complaints, and by signing the parties' [CMR] selecting the 'jury trial' option, Nationstar consented to a jury trial and thus waived the right to subsequently invoke the waivers." *Roth*, 2016 WL 7473818, at *2 (citing *Gulf Bay Capital, Inc. v. Textron Fin. Corp.*, No. 2:14-cv-209-FtM-29CM, 2016 WL 4009942, at *2 (M.D. Fla. July 27, 2016)). Unsatisfied with his decision, Nationstar moved for reconsideration presenting the same arguments that it presents to the undersigned here. Judge Steele rejected those arguments for reasons that this Court finds persuasive and equally applicable here. See *Roth*, No. 15-cv-783 (M.D. Fla. Mar. 26, 2017).

What is more, although Nationstar denied Galle's entitlement to a jury trial in its answers, it agreed to a jury trial in the CMR and waited six weeks after the CMSO was

3

issued to file a motion to strike. Nationstar acted inconsistently with its position on the jury demand, and Magistrate Judge Mirando did not clearly error or act contrary to the law in finding it waived its right to enforce the jury waiver. This result is also in step with the Eleventh Circuit's position to protect an individual's Seventh Amendment right to a jury trial. *See Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983) ("In this Circuit, the general rule governing belated jury requests under Rule 39(b) is that the trial court should grant a jury trial in the absence of strong and compelling reasons to the contrary." (citation omitted)).

In short, after considering the parties' arguments, record, and relevant law, the Court finds the Magistrate Judge's order is neither clearly erroneous nor contrary to law. Given the standard by which a court reviews a magistrate judge's order, the Court can say with firm conviction that a mistake was not made in the Order.

Accordingly, it is now

**ORDERED:**

Defendant Nationstar Mortgage, LLC's Objection to Order Denying Motion to Strike Jury Demand (Doc. 44) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of July 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record